| | |
|---|---|
| JOHN P. COALE *(pro hac vice)*<br>2901 Fessenden Street NW<br>Washington, DC 20008<br>Telephone: (202) 255-2096<br>Email: johnpcoale@aol.com<br><br>JOHN Q. KELLY *(pro hac vice)*<br>MICHAEL J. JONES *(pro hac vice)*<br>RYAN TOUGIAS *(pro hac vice)*<br>IVEY, BARNUM & O'MARA, LLC<br>170 Mason Street<br>Greenwich, CT 06830<br>Telephone: (203) 661-6000<br>Email: jqkelly@ibolaw.com<br><br>FRANK C. DUDENHEFER , JR. *(pro hac vice)*<br>THE DUDENHEFER LAW FIRM L.L.C.<br>2721 Saint Charles Avenue, Suite 2A<br>New Orleans, LA 70130<br>Telephone: (504) 616-5226<br>Email: fcdlaw@aol.com | ANDREI POPOVICI (234820)<br>MARIE FIALA (79676)<br>LAW OFFICE OF ANDREI D. POPOVICI, P.C.<br>2121 North California Blvd. #290<br>Walnut Creek, CA 94596<br>Telephone: (650) 530-9989<br>Facsimile: (650) 530-9990<br>Email: andrei@apatent.com<br>Email: marie@apatent.com<br><br>MARIA CRISTINA ARMENTA (177403)<br>CREDENCE ELIZABETH SOL (219784)<br>ARMENTA & SOL, PC<br>11440 West Bernardo Court, Suite 300<br>San Diego, CA 92127<br>Tel.: 858-753-1724<br>Fax: 310-695-2560<br>Email: cris@crisarmenta.com<br>Email: credence@crisarmenta.com |

*[Additional Counsel on Signature Page]*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DONALD J. TRUMP, the Forty-Fifth President of the United States, KELLY VICTORY, AUSTEN FLETCHER, AMERICAN CONSERVATIVE UNION, ANDREW BAGGIANI, MARYSE VERONICA JEAN-LOUIS, NAOMI WOLF, FRANK VALENTINE, INDIVIDUALLY, AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>     Plaintiffs,<br>v.<br><br>YOUTUBE, LLC and SUNDAR PICHAI,<br><br>     Defendants. | Civ. No: 4:21-cv-08009-JSW<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [LOCAL RULES 3-12(b) AND 7-11]**<br><br>Hon. Jeffrey S. White |

## I. INTRODUCTION

Plaintiffs bring this administrative motion pursuant to Local Rules 3-12(b) and 7-11 to ask the Court to consider whether the following cases pending in this district should be related: (1) *Donald J. Trump, et al., v. YouTube, LLC, et al.*, Civ. No: 4:21-cv-08009-JSW ("*YouTube*"); and (2) *Donald J. Trump, et al., v. Twitter Inc., et al.*, Civ. No: 3:21-cv-08378-JD ("*Twitter*").

## II. BACKGROUND

### A. Relevant Procedural History

Both of these cases were originally filed on July 7, 2021 in the Southern District of Florida. First Amended Complaints ("complaint") were filed in both cases on July 27, 2021. In both cases, Plaintiffs, who seek to represent nationwide classes, request an injunction and damages against Defendants for alleged violations of the First Amendment and declaratory judgments that 47 U.S.C. § 230(c) of the Communications Decency Act is unconstitutional. *See YouTube* First Am. Cmplt, Dkt. 21; *Twitter* First Am. Cmplt., Declaration of M. Cris Armenta in Support of Administrative Motion to Consider Whether Cases Should Be Related ("Armenta Decl.") Exh. A. Plaintiff Donald J. Trump filed motions for preliminary injunctions on August 25, 2021 (*YouTube*) and October 2, 2021 (*Twitter*). No opposition or reply briefs have been filed yet in connection with the preliminary injunction motions. Defendants in both cases filed motions under 28 U.S.C. § 1404(a) to transfer the actions to this district. Both motions were granted and the cases were ordered transferred on October 6, 2021 (*YouTube* Class Action) and October 26, 2021 (*Twitter* Class Action). Defendants have not yet pleaded or moved in response to the complaints. Armenta Decl. ¶ 3.

### B. Parties

Plaintiffs common to both cases are former President Donald J. Trump, the American Conservative Union, and journalist and author Dr. Naomi Wolf. The *YouTube* Plaintiffs include five additional individual putative class members. Defendants are YouTube and Sundar Pichai, the CEO of YouTube's corporate parent. The *Twitter* Plaintiffs include four additional individual putative class members. Defendants are Twitter and Jack Dorsey, Twitter's CEO. Plaintiffs in

both cases seek to represent classes of social media users whose postings have been censored by Defendants because they express conservative views or question the policies and practices of officials in power. Although Plaintiffs expect that the *YouTube* and *Twitter* class members overlap, it is currently impossible to determine the extent of that overlap. Armenta Decl. ¶ 4.

### C.  Claims

The core legal issues in both cases are identical. Whether: (a) the government's coercion and encouragement of, and participation in, censorship by Defendants subjects Defendants to First Amendment constraints under the state action doctrine; (b) Defendants, therefore, violated the First Amendment when they censored Plaintiffs; and (c) Section 230(c) of the Communications Decency Act is unconstitutional as applied.[1] These claims arose out of substantially the same facts in both cases. Government officials actively coerced, encouraged, and joined in Defendants' censorship of Plaintiffs' speech and used federal legislation to allow Defendants, acting as governmental surrogates, to block constitutionally protected speech with impunity. *YouTube* First Am. Cmplt. ¶¶ 29-234; *Twitter* First Am. Cmplt. ¶¶ 27-167.

The complaints detail a litany of events by which members of Congress and the current Executive Branch have exercised coercive pressure on Defendants to censor disfavored speech or else face catastrophic legal and/or regulatory consequences. For example, certain legislators publicly threatened to take punitive measures against Defendants if they continued to provide platforms for the expression of views and content contrary to the legislators' own agendas. In particular, officials in positions of power made it very clear that they wanted President Trump banned from these social media platforms. *YouTube* First Am. Cmplt. ¶¶ 63-77; *Twitter* First Am. Cmplt. ¶¶ 51-64. The threatened sanctions for Defendants' noncompliance included increased regulation, antitrust scrutiny, and revocation of the Section 230 immunity that Defendants enjoy against claims based on their publication or censorship of objectionable content. *Id*. Certain legislators also convened public hearings at which Defendants' CEOs were

---

[1] Section 230 of the Communications Decency Act shields the Defendants from civil liability for removing "objectionable" content from their platforms, "whether or not such material is constitutionally protected." 47 U.S.C. § 230(c)(2)(A).

required to appear and subjected to aggressive questioning, while legislators reinforced their ability to impose regulations and strip Defendants of their Section 230 immunity. *YouTube* First Am. Cmplt. ¶ 71; *Twitter* First Am. Cmplt. ¶ 58.

Image of Defendants Pichai and Dorsey and Facebook CEO Mark Zuckerberg testifying remotely before the House Energy and Commerce Committee, March 25, 2021. Defendants banned President Trump from their platforms within days of each other, on January 7, 2021 (Twitter) and January 12, 2021 (YouTube). Due to sustained government pressure, both bans continue to this day. *YouTube* First Am. Cmplt. ¶ 6; *Twitter* First Am. Cmplt. ¶ 6.

Officials in the Executive Branch, including the current President and leaders of federal agencies, also have publicly admitted that they partnered with Defendants and other social media platforms to promote views preferred by the government and censor speech that the government regards as undesirable. YouTube First Am. Cmplt. ¶¶ 110, 111, 120, 142-145; Twitter First Am. Cmplt. ¶¶ 78-79. In effect, the government has acted as a "Ministry of Truth" and has conscripted or enlisted Defendants to act as its agents in blocking disfavored speech.

### III.  ARGUMENT

#### A.  Legal Standard

Under Civil L.R. 3-12(a), "[a]n action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Local Rule 3-12 does not define "transaction or event." However, relevant guidance can be found in the case law interpreting Fed.R.Civ.P. 13(a), which

provides that a claim arising out of the same "transaction or occurrence" must be pleaded as a compulsory counterclaim.  The Supreme Court has defined this element as follows:

> "Transaction" is a word of flexible meaning. It may comprehend *a series of many occurrences*, depending not so much upon the immediateness of their connection as upon their logical relationship. . . . *Essential facts alleged by appellant enter into and constitute in part the cause of action* set forth in the counterclaim. That they are not precisely identical, or that the counterclaim embraces additional allegations . . . does not matter.

*Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926) (emphasis added).  The Ninth Circuit utilizes a flexible approach to determining what constitutes a "transaction": "In deciding what is a transaction, we take note that the term gets an increasingly liberal construction.  Two bundles of facts seldom are identical for comparing 'transactions ….'" *Albright v. Gates*, 362 F.2d 928, 929 (9th Cir. 1966); *see also Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987) ("This flexible approach to [the transaction issue] attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.") (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

### B. The Requirements of Local Rule 3-12 Are Met Here.

Local Rule 3-12(a)(1) is satisfied because the cases arise out of substantially the same transactions or events.  The complaints in both cases allege a virtually identical series of coercive governmental actions aimed at removing former President Trump and other conservative speakers from Defendants' platforms, including the government's use of Defendants' Section 230 immunity to compel their compliance with government objectives. *Compare YouTube* First Am. Cmplt. ¶¶ 63-77, 78-85, 107-109 with *Twitter* First Am. Cmplt. ¶¶ 51-64; 65-70, 74-77.  Both complaints further allege the government's joint activities with Defendants to censor Plaintiffs and the putative class members, including numerous admissions to that effect by governmental spokespeople.  Again, these extensive allegations are virtually identical. *Compare YouTube* First Am. Cmplt. ¶¶ 120, 125, 128, 142-158 *with Twitter* First Am. Cmplt. ¶¶ 89, 94-109, 112.  These "series of many occurrences" are the "essential facts that constitute" in large part Plaintiffs' claims, and thus together constitute common "transactions." *Moore v. New York Cotton Exch.*,

270 U.S. at 610.  It is immaterial that not every transaction underlying each case is identical where, as here, the claims arise from substantially the same facts.[2]  *Pepper v. Apple Inc.*, No. 11-cv-06714-YGR, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019).

The risks identified in Local Rule 3-12(a)(2) also exist.  Resolving the identical claims pleaded will result in undue duplication and expense, and potentially conflicting results.  The parties in both cases soon will be briefing substantially the same motions for preliminary injunction and anticipated motions to dismiss.  Armenta Decl. ¶¶ 5-6.  Unless the cases are related, deciding these complex motions will entail substantial duplication of judicial efforts.  Perhaps most importantly, relating the cases would avoid the significant risk that different judges might make inconsistent rulings on dispositive issues that affect not only the rights and interests of Plaintiffs, but also of the putative class members.  In sum, "the essential facts of the [plaintiffs'] claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved" in one Court.  *Pochiro*, 827 F.2d at 1249.

## IV.    CONCLUSION

Plaintiffs respectfully ask the Court to determine that the *YouTube* and *Twitter* actions are related.  Should the Court determine that relation is not appropriate, but that having both cases heard by the same judge would produce efficiencies, the Court has discretion to consolidate the cases *sua sponte* under Fed.R.Civ.P. 42(a) on the ground that they involve multiple common issues.  *In re Facebook Privacy Litig.*, No. C 10-02389-JW, 2010 WL 5387616, at *1 (N.D. Cal. Dec. 21, 2010).  Alternatively, if this motion is denied, Plaintiffs will file a motion to consolidate.

Dated: November 9, 2021              Respectfully submitted,

ANDREI POPOVICI (234820)
MARIE FIALA (79676)

By:   /s/ Marie L. Fiala
         Marie L. Fiala (79676)

---

[2] LR 3-12 does not require an identity of parties for cases to be related.  *Pepper*, 2019 WL 4783951, at *1 (3-12(a)(1) "allows for relation of actions even where plaintiff classes differ").

JOHN P. COALE *(pro hac vice)*
2901 Fessenden Street NW
Washington, DC 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY *(pro hac vice)*
MICHAEL J. JONES *(pro hac vice)*
RYAN TOUGIAS *(pro hac vice)*
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Email: jqkelly@ibolaw.com

FRANK C. DUDENHEFER , JR. *(pro hac vice)*
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com

MARIA CRISTINA ARMENTA (177403)
CREDENCE ELIZABETH SOL (219784)
ARMENTA & SOL, PC
11440 West Bernardo Court, Suite 300
San Diego, CA 92127
Tel.: 858-753-1724
Fax: 310-695-2560
Email: cris@crisarmenta.com
Email: credence@crisarmenta.com

RICHARD POLK LAWSON *(pro hac vice)*
GARDNER BREWER MARTINEZ MONFORT
400 North Ashley Drive
Suite 1100
Tampa, FL 33602
Telephone: (813) 221-9600
Facsimile: (813) 221-9611
Email: rlawson@gbmmlaw.com
*Attorneys for Plaintiffs*