DAVID H. KRAMER, SBN 168452
MENG JIA YANG, SBN 311859
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: mjyang@wsgr.com

AMIT Q. GRESSEL, SBN 307663
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: agressel@wsgr.com

BRIAN M. WILLEN (*admitted pro hac*)
BENJAMIN D. MARGO (*admitted pro hac*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com
Email: bmargo@wsgr.com

STEFFEN N. JOHNSON (*admitted pro hac*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, DC 20006-3817
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: sjohnson@wsgr.com

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD J. TRUMP, KELLY VICTORY, AUSTEN FLETCHER, AMERICAN CONSERVATIVE UNION, ANDREW BAGGIANI, MARYSE VERONICA JEAN-LOUIS, NAOMI WOLF, and FRANK VALENTINE,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and SUNDAR PICHAI,<br><br>Defendants. | CASE NO.: 4:21-cv-08009-JSW<br><br>**OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Hon. Jeffrey S. White |

After vehemently resisting relating this action to *Trump v. Twitter, Inc.* ("*Twitter*") when both were pending in the Southern District of Florida (Dkt. 57), Plaintiffs have now made an about-face and filed an administrative motion under Civil Local Rule 3-12 (Dkt. 118) ("Mot."). Because Defendants YouTube, LLC and Sundar Pichai ("Defendants") believe that these cases do not meet this Court's standards for "related cases" and because Plaintiffs have not even tried to explain why they have reversed their position, Defendants oppose the motion.

## ARGUMENT

### A.   The Cases Are Not "Related Cases" Under Civil Local Rule 3-12

Civil Local Rule 3-12 adopts a strict definition of "related cases." For cases to be related under this rule, two showings are required: first, the cases must "concern substantially the same parties, property, transaction, or event;" and second, it must appear "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). Defendants respectfully submit that the first requirement is not met here: these cases involve different sets of plaintiffs suing different defendants for different editorial choices made under different standards involving different content posted on different online services.

To begin, this case and the *Twitter* action do not involve "substantially the same parties." The defendants in this case are YouTube and Sundar Pichai. The defendants in the *Twitter* action are Twitter and Jack Dorsey. Likewise, most of the plaintiffs are different: Kelly Victory, Austen Fletcher, Andrew Baggiani, Maryse Veronica Jean-Louis, and Frank Valentine are among the plaintiffs in this action, but none of them are involved in the *Twitter* action. *See, e.g.*, *Smith v. Mendoza*, 2021 U.S. Dist. LEXIS 59788, at *3-4 (N.D. Cal. Mar. 27, 2021) (cases not related where "only two of the defendants are named in both lawsuits"); *Allen v. City of Oakland*, 2011 U.S. Dist. LEXIS 135556, at *6 (N.D. Cal. Nov. 23, 2011) (cases not related where, "while there is some overlap in defendants, none of the plaintiffs . . . are . . . plaintiffs in any of the other cases").

The cases also involve different "property"—separate online services, user content, and social media accounts. There is (and could be) no allegation that YouTube's "video streaming

service" (Am. Compl. ¶ 29) and "Twitter's microblogging service" (*Twitter* Am. Compl. ¶ 28) are substantially the same. Moreover, the content at issue is different. Plaintiffs in this case posted videos "from short clips to long-form programs" to their YouTube channels (Am. Compl. ¶ 32), whereas the *Twitter* plaintiffs posted "short messages known as 'tweets'" to their Twitter accounts (*Twitter* Am. Compl. ¶ 30). *Compare* Am. Compl. ¶¶ 54, 164-165, 190, 207, 212, 220, (describing Plaintiffs' videos), *with Twitter* Am. Compl. ¶¶ 44-46, 122, 126, 134, 158-159 (describing *Twitter* Plaintiffs' tweets). *See, e.g.*, *Adobe Sys. Inc. v. A & S Elecs., Inc.*, 2016 U.S. Dist. LEXIS 188010, at *7 (N.D. Cal. Oct. 13, 2016) (cases not related where "different software products are at issue in each case"); *Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 U.S. Dist. LEXIS 184713, at *3-5 (N.D. Cal. Oct. 8, 2013) (same, where "[e]ach case concerns a different defendant and accuses different products or services"); *accord Sorensen v. Lexar Media, Inc.*, 2008 U.S. Dist. LEXIS 127282, at *3 (N.D. Cal. July 25, 2008).

The plaintiffs in the two cases also seek to litigate different "transactions" or "events"—separate decisions made by YouTube and Twitter, under their own user agreements and editorial policies, to moderate content on their services. YouTube is governed by its Terms of Service (https://www.youtube.com/static?&template=terms) and Community Guidelines (https://www.youtube.com/howyoutubeworks/policies/community-guidelines/), while Twitter is governed by its own Terms of Service (https://twitter.com/en/tos) and content rules (https://help.twitter.com/en/rules-and-policies#twitter-rules). These documents impose distinct standards for what is permitted on the two services. And the editorial judgments at issue were not just made under these different policies—they were made at different times by different people reviewing different material posted to different accounts. No matter what alleged external pressures Plaintiffs believe may have influenced those judgments, the moderation decisions that YouTube and Twitter made simply were not the same transaction or event.

Finally, while this case and *Twitter* involve parallel causes of action and similar legal issues, that simply "is not the test for relating cases . . . single judges of this Court do not become responsible for all cases arising in one area of law, even when some of the same parties are

involved." *Allen*, 2011 U.S. Dist. LEXIS 135556, at *6; *accord Fields v. Twitter, Inc.*, No. 4:16-cv-03282-DMR (Dkt. 10) (N.D. Cal. June 29, 2016) (cases not related despite parallel claims and legal issues); *Tecson v. Lyft, Inc.*, 2019 U.S. Dist. LEXIS 72080, at *7-8 (N.D. Cal. Apr. 29, 2019) (declining to relate two class actions against the same defendant under the same statute despite "common questions of law and fact").

Indeed, the issues in these two cases are also virtually identical to a series of other cases in this District, which have addressed the same theories Plaintiffs assert here—including that YouTube (and other online services) violated the First Amendment by removing user content; that those entities somehow became state actors because of supposedly "coercive" pressure by members of Congress; and that Section 230 is unconstitutional. *See Doe v. Google LLC*, 2021 U.S. Dist. LEXIS 201377, at *3-19 (N.D. Cal. Oct. 19, 2021) (Freeman, J.) (rejecting First Amendment claim against YouTube); *Daniels v. Alphabet Inc.*, 2021 U.S. Dist. LEXIS 64385, at *13-21 (N.D. Cal. Mar. 31, 2021) (DeMarchi, J.) (same); *Children's Health Def. v. Facebook Inc.*, 2021 U.S. Dist. LEXIS 121314, at *30-46 (N.D. Cal. June 29, 2021) (Illston, J.) (rejecting same claim against Facebook), *appeal filed*, No. 21-16210 (9th Cir. July 21, 2021); *Newman v. Google LLC*, 2021 U.S. Dist. LEXIS 119101, at *25-31, *40-43 (N.D. Cal. June 25, 2021) (Koh, J.) (rejecting First Amendment claim against YouTube and dismissing claim seeking declaration that Section 230 is unconstitutional); *Divino Grp. LLC v. Google LLC*, 2021 U.S. Dist. LEXIS 3245, at *12-22 (N.D. Cal. Jan. 6, 2021) (DeMarchi, J.) (rejecting First Amendment claim against YouTube); *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 952-53 (N.D. Cal. 2020) (Kim, J.) (same), *aff'd*, 851 F. App'x 723 (9th Cir. 2021). None of those recent cases has been treated as "related" under Civil Local Rule 3-12—and these cases should not either.

B.   **Plaintiffs' Motion Contradicts What They Told The Court In Florida And Ignores That Court's Determination That The Cases Are Not Related**

Beyond not meeting the standards required by this Court's rules, there is another problem with Plaintiffs' request to treat these cases as related: it is completely inconsistent with their approach throughout this case—and with the representations they made to the Southern District of

Florida, where the cases were originally brought. Even though the *YouTube* Plaintiffs and *Twitter* Plaintiffs are represented by the same counsel, who filed the two cases on the same day (along with a third case against Facebook*,* which is still pending in Florida), the two groups of Plaintiffs chose to file them as separate actions, and the cases thus were assigned to three separate judges in the Southern District of Florida. *See* Clerk's Notice (*YouTube* Dkt. 2); Clerk's Notice (*Twitter* Dkt. 2); Clerk's Notice (*Facebook* Dkt. 2).

That is not all. The local rules of the Southern District of Florida define "related cases" much more broadly than do this Court's rules. There, cases are considered related merely if one "involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, **or for other reasons** the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge." S.D. Fla. Internal Operating Procedures § 2.15.00 (emphasis added). In other words, unlike in this Court, it is enough under the Florida local rules for there to be unnecessary duplication of judicial labor. Counsel in the Southern District of Florida have a "continuing duty . . . to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings as described in Section 2.15.00." S.D. Fla. L.R. 3.8. But even under that standard, Plaintiffs' counsel made a deliberate decision ***not*** to file a related case notice in Florida, leading to a series of different rulings on procedural matters in the month before Defendants were served. *Compare* Order (*YouTube* Dkt. 35) (granting in part motion to file overlength preliminary injunction motion), *with* Order (*Twitter* Dkt. 31) (denying similar motion).

Once service was made, counsel for YouTube believed that, given the broad language of the Southern District local rule, it was duty bound to file a related-case notice. *See* Notice of Related Actions (Dkt. 53). But even then, Plaintiffs vociferously opposed any effort to relate the *YouTube* and *Twitter* cases, seeking special permission "to set forth their position that the Related Case Provisions do not apply." Motion for Leave to File Response to Notice of Related Action (Dkt. 57) at 1. Plaintiffs made their position clear:

> ***Plaintiffs submit that each of the three matters referenced in Defendants' "Notice"**—this case, and the Facebook and Twitter Actions—**involve distinct and detailed factual inquiries, with little commonality between each case.***

\* \* \*

> Accordingly, it was and remains the position of the Plaintiffs that the goals of the Related Case Provisions, namely ***judicial economy***, ***would not be served by these three cases being brought before one court***, thus accounting for Plaintiffs' decision not to file a Notice of a Related Action.

*Id.* (emphases added). And Plaintiffs' position prevailed. Judge Moore, who presided over this action in Florida, declined to treat it as related to the *Twitter* or *Facebook* cases. Paperless Order (Dkt. 56).

Yet, now that these cases have been transferred to this Court, where a far stricter standard for relatedness applies, Plaintiffs pivot 180 degrees. They do so without even mentioning the diametrically opposite position they previously took, much less trying to explain the inconsistency. Nor could they. It cannot be that the cases had "little commonality" in Florida but "arise from substantially the same facts" here—or that judicial economy "would not be served" by relating the cases in Florida but separate litigation "will entail substantial duplication of judicial efforts" in California. *Compare* Dkt. 57 at 1, *with* Mot. at 5. In reality, nothing has changed other than Plaintiffs' (apparent) perception of their strategic advantages. If Plaintiffs really believed these cases were related, they had every opportunity to seek to have them proceed that way in Florida. They did the opposite. Having made that choice, and with the Florida courts (at Plaintiffs' encouragement) having treated the cases as separate actions to be handled by different judges, Plaintiffs should not now be permitted to seek a different result from this Court.

## CONCLUSION

Plaintiffs' motion to relate this case to the *Twitter* case should be denied.[1]

---

[1] Plaintiffs suggest in passing that the Court should "consolidate the cases *sua sponte* under Fed. R. Civ. P. 42(a)," and they say that "if this motion is denied, Plaintiffs will file a motion to consolidate." Mot. at 5. Plaintiffs have not actually moved for consolidation under Rule 42, which would require a noticed motion under Civil Local Rules 7-1 and 7-2. Should Plaintiffs actually bring such a motion, YouTube will oppose it. It would be inappropriate, if Plaintiffs' administrative motion is denied, for them to make an end-run around L.R. 3-12 by seeking the same result via Rule 42. *Accord Basconcello v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 8402, at \*2 (N.D. Cal. Jan. 20, 2017) ("[N]either Rule 42 nor the Local Rules contemplate reassignment of cases by one judge to another judge, unless the cases are found to be related under Local Rule 3-12.").

| | |
|---|---|
| Dated: November 15, 2021 | Respectfully submitted,<br><br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By: _____*/s/ Brian M. Willen*_____<br>         Brian M. Willen<br>         bwillen@wsgr.com<br><br>Attorneys for Defendants<br>YOUTUBE, LLC and SUNDAR PICHAI |