| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MENG JIA YANG, SBN 311859<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>Email: mjyang@wsgr.com | BRIAN M. WILLEN (*admitted pro hac*)<br>BENJAMIN D. MARGO (*admitted pro hac*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com<br>Email: bmargo@wsgr.com |
| AMIT Q. GRESSEL, SBN 307663<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>One Market Plaza<br>Spear Tower, Suite 3300<br>San Francisco, CA 94105-1126<br>Telephone: (415) 947-2000<br>Facsimile: (415) 947-2099<br>Email: agressel@wsgr.com | STEFFEN N. JOHNSON (*admitted pro hac*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, DC 20006-3817<br>Telephone: (202) 973-8800<br>Facsimile: (202) 973-8899<br>Email: sjohnson@wsgr.com |

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DONALD J. TRUMP, KELLY VICTORY, AUSTEN FLETCHER, AMERICAN CONSERVATIVE UNION, ANDREW BAGGIANI, MARYSE VERONICA JEAN-LOUIS, NAOMI WOLF, and FRANK VALENTINE,<br><br>   Plaintiffs,<br><br>  v.<br><br>YOUTUBE, LLC and SUNDAR PICHAI,<br><br>   Defendants. | CASE NO.: 4:21-cv-08009-JSW<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Hon. Jeffrey S. White |

Plaintiffs have filed an administrative motion under Civil Local Rule 3-12(b) (Dkt. 118), seeking to relate this action to *Trump v. Twitter, Inc.*, 3:21-cv-08378-JD, currently assigned to Judge Donato. Defendants in this action oppose the motion (Dkt. 120), as do the defendants in the *Twitter* action (Dkt. 121).

For cases to be related in this District, they must, *inter alia*, "concern substantially the same parties, property, transaction, or event." Civ. L.R. 3-12(a). Based on the pleadings in both actions and the briefs submitted by the parties, the Court finds that this requirement is not satisfied. The two actions—which involve entirely different defendants and mostly different plaintiffs—do not "concern substantially the same parties." They also involve different property, *i.e.*, separate online services, user content, and social media accounts. Nor do the two actions concern substantially the same transactions or events—the plaintiffs in each action complain of separate content moderation decisions, made by YouTube and Twitter respectively, under their own user agreements and editorial policies.

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Plaintiffs' motion is DENIED.

**IT IS SO ORDERED.**

Date: _____

_____
The Honorable Jeffrey S. White
United States District Judge