1   MICHAEL D. GRANSTON
      Deputy Assistant Attorney General
2   ERIC WOMACK
      Assistant Branch Director
3   JOSHUA M. KOLSKY
    INDRANEEL SUR
4     Trial Attorneys
      joshua.kolsky@usdoj.gov
5     D.C. Bar No. 993430
      Trial Attorney
6     Civil Division, Federal Programs Branch
      P.O. Box 883
7     Washington, D.C.  20044
      Telephone:  (202) 305-7664
8     Facsimile:  (202) 616-8470

9   Counsel for the United States of America

10

11                  **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
12                      **OAKLAND DIVISION**

13

14                                        Case No. 4:21-cv-8009-JSW

15  DONALD TRUMP, et al.,                 **MEMORANDUM OF LAW BY**
                                          **INTERVENOR UNITED STATES IN**
16            *Plaintiffs*,               **SUPPORT OF THE**
                                          **CONSTITUTIONALITY OF 47 U.S.C. §**
17        vs.                             **230(c)**

18   YOUTUBE, LLC, et al.,

19            *Defendants*.               Action Filed: July 7, 2021
                                          Trial Date: None Set
20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 2

    I.     Statutory Background ............................................................................ 2

    II.    Procedural Background ......................................................................... 4

LEGAL STANDARD ................................................................................................ 6

ARGUMENT ............................................................................................................. 6

    I.     The Court Should First Consider Alternative Grounds for a Decision
          Because They May Obviate The Need To Address Plaintiff's Constitutional
          Challenge ............................................................................................. 6

    II.    If The Court Reaches the Question, It Should Conclude That Section 230(c)
          Is Constitutional.................................................................................... 8

CONCLUSION ......................................................................................................... 12

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 1 -
Case No. 4:21-cv-8009-JSW

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664

# TABLE OF AUTHORITIES

**Cases**

*Atkinson v. Meta Platforms, Inc.*,
   2021 U.S. App. LEXIS 34632 (9th Cir. Nov. 22, 2021) ................................................ 10

*Barnes v. Yahoo!, Inc.*,
   570 F.3d 1096 (9th Cir. 2009) ................................................................................ 3, 9

*Divino Group LLC v. Google LLC*,
   No. 19-cv-04749-VKD, 2021 U.S. Dist. LEXIS 3245 (N.D. Cal. Jan. 6, 2021) .............. 8, 10

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*,
   521 F.3d 1157 (9th Cir. 2008) ............................................................................. 2, 3, 4

*Flagg Bros., Inc. v. Brooks*,
   436 U.S. 149 (1978) .................................................................................................. 10

*Green v. AOL*,
   318 F.3d 465 (3rd Cir. 2003) ....................................................................................... 1

*Karnoski v. Trump*,
   926 F.3d 1180 (9th Cir. 2019) ..................................................................................... 6

*La'Tiejira v. Facebook, Inc.*,
   272 F. Supp. 3d 981 (S.D. Tex. 2017) .......................................................................... 1

*Lewis v. Google LLC*,
   461 F. Supp. 3d 938 (N.D. Cal. 2020) ......................................................................... 1

*Lopez v. Brewer*,
   680 F.3d 1068 (9th Cir. 2012) ..................................................................................... 6

*Munaf v. Geren*,
   553 U.S. 674 (2008) .................................................................................................... 6

*N.Y.C. Transit Auth. v. Beazer*,
   440 U.S. 568 (1979) .................................................................................................... 8

*Newman v. Google LLC*,
   No. 20-cv-4011-LHK, 2021 U.S. Dist. LEXIS 119101 (N.D. Cal. June 25, 2021) ................ 8

*Parker v. PayPal, Inc.*,
   2017 U.S. Dist. LEXIS 130800 (E.D. Pa. Aug. 16, 2017) ....................................... 1

*Prager University v. Google LLC*,
   951 F.3d 991 (9th Cir. 2020) ........................................................................... 2, 10, 11

*Railway Employees' Department v. Hanson*,
   351 U.S. 225 (1956) .................................................................................................. 10

*Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*,
   144 F. Supp. 3d 1088 (N.D. Cal. 2015) ....................................................................... 2

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 1 -
Case No. 4:21-cv-8009-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

*Skinner v. Railway Labor Executives' Association*,
    489 U.S. 602 (1989) ................................................................................................. 2, 5, 9

*Stratton Oakmont, Inc. v. Prodigy Servs. Co.*,
    No. 31063/94, 1995 WL 323710 (N.Y. Sup. Ct. May 24, 1995) ............................................ 4

*United States v. Ford*,
    830 F.2d 596 (6th Cir. 1987) .............................................................................................. 12

*Winter v. Facebook, Inc.*,
    2021 U.S. Dist. LEXIS 224836 (E.D. Miss. Nov. 22, 2021) ..................................................... 1

*Zango, Inc. v. Kaspersky Lab, Inc.*,
    568 F.3d 1169 (9th Cir. 2009) .............................................................................................. 4

**Statute**

47 U.S.C. § 230 ................................................................................................... *passim*

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

# **INTRODUCTION**

Plaintiff, former President Donald Trump, challenges the constitutionality of Section 230(c) of the Communications Decency Act of 1996 ("CDA") (Pub. L. No. 104-104, § 509, *codified at* 47 U.S.C. § 230(c)) in his Motion for Preliminary Injunction ("Motion").[1]  In 1996, Congress passed Section 230(c) in part to "promote the continued development of the Internet and other interactive computer services and other interactive media."  47 U.S.C. § 230(b)(1). Assuming its conditions are met, the statute protects an "interactive computer service" provider from liability for content created by third parties and hosted by the service (47 U.S.C. § 230(c)(1)), or for voluntarily removing or restricting access to certain types of offensive material (*id.* § 230(c)(2)).

The United States has intervened in response to Plaintiff's constitutional challenge,[2] and, in defense of the statute, respectfully raises two arguments in this brief.

*First*, under the doctrine of constitutional avoidance, this Court should first consider whether it can resolve Plaintiff's Motion without ruling on the constitutionality of Section 230(c). A court should rule on the constitutionality of a federal statute only when necessary, and here Plaintiff asserts a number of arguments in support of his Motion that could avoid the need for any such ruling, including that Section 230(c) does not apply to the claims alleged by Plaintiff here.

---

[1] The First Amended Complaint in this case lists various plaintiffs in addition to Plaintiff Trump. But because Plaintiff's Motion was filed on behalf of Plaintiff Trump alone, *see* Motion at 1, this memorandum addresses only Plaintiff Trump's claims.

[2] The United States' intervention to defend Section 230(c) in this case is consistent with its intervention in prior suits that raised similar constitutional challenges to the statute.  *See, e.g., Newman v. Google LLC*, No. 20-cv-4011-LHK, ECF No. 53 (N.D. Cal. Mar. 23, 2021); *Divino Group LLC v. Google LLC*, No. 19-cv-04749-VKD, ECF No. 46 (N.D. Cal. May 8, 2020). Courts routinely reject constitutional challenges to Section 230(c).  *See, e.g., Green v. AOL*, 318 F.3d 465, 472 (3d Cir. 2003); *Winter v. Facebook, Inc.*, 2021 U.S. Dist. LEXIS 224836, at *12-13 (E.D. Miss. Nov. 22, 2021); *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 952-53 (N.D. Cal. 2020), *aff'd*, 851 F. App'x 723 (9th Cir. 2021); *La'Tiejira v. Facebook, Inc.*, 272 F. Supp. 3d 981, 994-95 (S.D. Tex. 2017); *Parker v. PayPal, Inc.*, 2017 U.S. Dist. LEXIS 130800, at *16-17 (E.D. Pa. Aug. 16, 2017).

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 1 -
Case No. 4:21-cv-8009-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

1    *Second*, if the Court concludes that it must address the constitutionality of Section 230(c),

2    Plaintiff's challenge should be rejected on the merits.  Section 230(c) does not regulate Plaintiff's

3    speech.  Instead, the statute establishes a content- and viewpoint-neutral rule prohibiting liability

4    for certain conduct by providers of interactive computer services.  Plaintiff, relying on the

5    Supreme Court's decision in *Skinner v. Railway Labor Executives' Association*, 489 U.S. 602

6    (1989), argues that Section 230(c) is unconstitutional "as applied" because it "encourages

7    Defendant to censor disfavored speech[.]"  Motion at 19.  But Section 230(c) does not mandate

8    any action on the part of YouTube, which, as the Ninth Circuit has expressly recognized, remains

9    a private entity.  *Prager University v. Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020).  Instead,

10   as Plaintiff himself recognizes, Section 230(c) "permits, but does not require," the editorial

11   decisions of website operators.  Motion at 19.  While it is of course true that the statute shields

12   providers from liability for choosing to *exclude* content from their platforms, it affords

13   comparable protection to providers who are sued for *allowing* content to appear.  It thereby allows

14   those providers the freedom to decide whether to remove content on their online platforms

15   without fear of liability.  Accordingly, Plaintiff's challenge to Section 230(c) is meritless and

16   should be rejected.[3]

### **BACKGROUND**

17

18   **I.      Statutory Background**

19        Section 230(c) of the CDA is entitled "Protection for 'Good Samaritan' blocking and

20   screening of offensive material."  The statute "immunizes providers of interactive computer

21   services against liability arising from content created by third parties."  *Fair Hous. Council of*

22   *San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1163-64 (9th Cir. 2008) (en banc)

23   (footnotes omitted).  In particular, Paragraph (1) states: "No provider . . . of an interactive

24   computer service shall be treated as the publisher or speaker of any information provided by

25

26   _____

27   [3] The President has expressed support for reforms of Section 230(c)—but whether the statute is constitutional as applied to the facts presented here is distinct from the question whether Section 230(c) remains good policy.

28

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 2 -
Case No. 4:21-cv-8009-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

another information content provider." 47 U.S.C. § 230(c)(1).[4]  The statute also provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."  *Id*. § 230(e)(3).  The result is to protect online platforms from such liabilities as those the common law imposed on publishers or speakers for libel or slander.  Courts have also construed the limitation to shield online platforms against certain liabilities under federal law.  *See, e.g., Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096 (N.D. Cal. 2015), *aff'd sub nom. Sikhs for Justice, Inc. v. Facebook*, *Inc.*, 697 F. App'x 526 (9th Cir. 2017).  The immunity applies only when the interactive computer service provider is not also the "information content provider" of the material in question— *i.e.*, the person "responsible, in whole or in part, for the creation or development of" the "offending content."  *See Roommates*, 521 F.3d at 1162-63 (quoting 47 U.S.C. § 230(f)(3)).

According to the Ninth Circuit, Section 230(c)(1) shields the defendant from a claim wherever "the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker' [of content provided by another]." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009).  In that context, the Ninth Circuit views "publication" as "involv[ing] reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Id*.  The Ninth Circuit has remarked in an *en banc* opinion that "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune" under Section 230(c)(1).  *Roommates*, 521 F.3d at 1170-71.

For its part, Paragraph (2) describes a separate immunity.  It states:

> No provider or user of an interactive computer service shall be held liable on account of —

---

[4] The statute defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2).  "[T]he most common interactive computer services are websites." *Roommates*, 521 F.3d at 1162 n.6.

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 3 -
Case No. 4:cv-8009-JSW

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664

(A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or

(B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in [sub]paragraph [A].

47 U.S.C. § 230(c)(2).[5]

The problem Congress sought to solve in Section 230(c) arose from a New York state trial court's ruling that an internet service provider that had voluntarily deleted some messages from an online message board was then "legally responsible for the content of defamatory messages that it failed to delete." *See Roommates*, 521 F.3d at 1163 (discussing *Stratton Oakmont, Inc. v. Prodigy Servs. Co.*, No. 31063/94, 1995 WL 323710 (N.Y. Sup. Ct. May 24, 1995)). Congress responded in the statute by "immuniz[ing] the *removal* of user-generated content, not the *creation* of content." *Id*. That is, Section 230(c) "provides 'Good Samaritan' protections from civil liability" for interactive computer service providers for actions to restrict "access to objectionable online material." H.R. Rep. No. 104-458 (1996) (Conf. Rep.), *as reprinted in* 1996 U.S.C.C.A.N. 10. "One of the specific purposes of [Section 230(c)] is to overrule *Stratton*" which treated such providers "as publishers or speakers of content that is not their own because they have restricted access to objectionable material." *Id*.

## II.    Procedural Background

Plaintiff filed this action on July 7, 2021, and a First Amended Complaint ("FAC"), ECF No. 21, on July 27, 2021. Plaintiff alleges that YouTube "indefinitely banned" him on January 12, 2021, "for exercising his constitutional right to free speech on his YouTube channel." FAC ¶¶ 6, 164-69. YouTube allegedly stated that the suspension was due to the "ongoing potential for violence[.]" *Id*. ¶¶ 167-68. In the FAC, Plaintiff alleges that YouTube's ban was the product

---

[5] The text of Paragraph (2)(B) refers to "the material described in paragraph (1)," but the Ninth Circuit "take[s] it that the reference to the 'material described in paragraph (1)' is a typographical error, and that instead the reference should be to . . . § 230(c)(2)(A)," because "Paragraph (1) pertains to the treatment of a publisher or speaker and has nothing to do with 'material,' whereas subparagraph (A) pertains to and describes material." *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1173 n.5 (9th Cir. 2009).

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 4 -
Case No. 4:21-cv-8009-JSW

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664

of "Democrat legislators [who] feared the Plaintiff's skilled use of social media as a threat to their own re-election efforts[.]"  *Id.* ¶ 63.  Plaintiff claims that those legislators and other public figures "coerced Defendants to act as their agent to exercise content and viewpoint censorship against the Plaintiff and the Putative Class Members," including by allegedly "threaten[ing] to revoke the unconstitutional limited immunity for 'good faith' censorship under Section 230[.]"  *Id.* ¶ 66.

The FAC alleges that Defendants' "censorship" of speech violates the First Amendment, on the theory that Defendants were "acting in concert with federal officials" and that their conduct "amounts to state action."  *Id.* ¶¶ 240-41; *see id.* ¶¶ 235-54.  Plaintiff also seeks a declaratory judgment that Sections 230(c)(1) and (2) are unconstitutional, on the theory that those immunity-conferring provisions were enacted by Congress "to induce, encourage and promote" censorship by social media companies that "Congress could not constitutionally accomplish itself."  *Id.* ¶ 260; *see also id.* ¶¶ 255-66.  Finally, Plaintiff asserts two Florida state-law claims for unfair and deceptive trade practices arising from YouTube's purported failure to apply its own terms of service even-handedly.  *Id.* ¶¶ 267-301.

Plaintiff filed a notice of the constitutional challenge under Rule 5.1 on July 9, 2021.  ECF No. 7.  The U.S. District Court for the Southern District of Florida certified the constitutional question on July 12, 2021.  ECF No. 11.

Plaintiff filed his Motion for Preliminary Injunction on August 23, 2021.  ECF No. 43.  That Motion argues, *inter alia*, that Plaintiff is likely to succeed on the merits of his various constitutional and non-constitutional claims, but it only briefly addresses Plaintiff's constitutional challenge to Section 230(c).  Motion at 19-20.  Citing the Supreme Court's decision in *Skinner v. Railway Labor Executives' Association*, 489 U.S. 602 (1989), Plaintiff contends that Section 230(c) is unconstitutional because it "'remove[s] all legal barriers' to YouTube's refusal to carry content it deems 'objectionable.'"  *Id.* at 20.  He argues further that Section 230(c) gives companies the choice to remove content from their platforms and that choice, "when rendered with government joint action to stifle First Amendment rights, makes Section 230 as applied, unconstitutional viewpoint discrimination."  *Id.* at 19.  Plaintiff also makes arguments

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)  - 5 -
Case No. 4:21-cv-8009-JSW

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664

that, if accepted, would avoid the need to decide the constitutionality of Section 230(c). Specifically, he contends that Section 230(c) does not immunize Defendants from liability because: (a) "YouTube's actions are at issue—not the speech of third-party Subscribers of its platform;" (b) Section 230(c) does not prohibit liability for removing the type of content at issue here; and (c) Section 230(c) "provides no protection for unfair and deceptive trade practices." *Id.* at 16-18. The Motion seeks various forms of injunctive and declaratory relief, including an order "[e]njoining and declaring that Section 230(c) of the Communications Decency Act of 1996 is unconstitutional as applied to the facts of this case[.]" *Id.* at 30.

## LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy" that should not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (quoting *Winter v. NRDC*, 555 U.S. 7, 20 (2008)); *see Munaf v. Geren*, 553 U.S. 674, 690 (2008) (likelihood of success requires far more than identifying "serious, substantial, difficult, and doubtful" questions).

## ARGUMENT

### I. THE COURT SHOULD FIRST CONSIDER ALTERNATIVE GROUNDS FOR A DECISION BECAUSE THEY MAY OBVIATE THE NEED TO ADDRESS PLAINTIFF'S CONSTITUTIONAL CHALLENGE

As an initial matter, this Court should not address the constitutionality of Section 230(c) unless it first determines that the pending motion for preliminary injunction cannot be resolved on other grounds. "[T]he power of the federal courts to declare Acts of Congress unconstitutional" is "the gravest and most delicate duty that [courts are] called on to perform." *United States v. Raines*, 362 U.S. 17, 20 (1960) (quoting *Blodgett v. Holden*, 275 U.S. 142, 147 (1927) (Holmes, J., concurring)). In considering a challenge to a federal statute, "courts must "never . . . anticipate a question of constitutional law in advance of the necessity of deciding it"

or "formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Id*. at 21. Thus, the "delicate power of pronouncing an Act of Congress unconstitutional," *id*. at 22, should not be considered unless a court has first determined that the case cannot be resolved on other grounds. *See Greater New Orleans Broad. Ass'n v. United States*, 527 U.S. 173, 184 (1999) ("[W]e do not ordinarily reach out to make novel or unnecessarily broad pronouncements on constitutional issues when a case can be fully resolved on a narrower ground.").

This Court should adhere to that doctrine of constitutional avoidance and decline to rule on the constitutionality of Section 230(c) unless the motion for preliminary injunction cannot be resolved on other grounds. The United States has intervened solely for the purpose of defending the constitutionality of Section 230(c) and therefore takes no position on the other issues raised by the parties, except to the extent they are relevant to the constitutional challenge. It is apparent, however, that the Court's resolution of those issues might obviate the need to consider Section 230(c)'s constitutionality.

Section 230(c) immunity is an affirmative defense, so the Court need not consider the constitutionality of that provision unless Plaintiff has first demonstrated that he has otherwise sufficiently alleged valid claims against Defendants. Accordingly, before the Court reaches the constitutional challenge as part of the preliminary injunction motion, it should first consider whether Plaintiff is otherwise likely to succeed on the merits of his claims against YouTube. For example, the Court might decide that YouTube is not a state actor constrained by the First Amendment, in which case Plaintiff could not prevail on count one of the FAC, meaning there would be no need to address the constitutionality of Section 230(c) with regard to that claim. And the Court might similarly decide that Plaintiff is not likely to succeed on the elements of his state law claims.

Another possible avoidance path stems from Plaintiff's contention that Section 230(c) does not apply to the misconduct alleged. *See* Motion at 15-18. If the Court were to conclude that YouTube's acts as alleged by Plaintiff do not fit within the terms of either Section 230(c)(1) or (2), then the statute would not apply, and there would be no occasion for passing on the

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 7 -
Case No. 4:21-cv-8009-JSW

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664

constitutionality of the statute.  Similarly, if the Court were to agree with Plaintiff that YouTube was coerced into suspending Plaintiff's account, it might determine that immunity under Section 230(c)(2), which applies to certain actions "voluntarily taken in good faith," is unavailable.  *See* 47 U.S.C. § 230(c)(2)(A).

To be sure, the FAC purports to plead a claim seeking a declaration that Section 230(c) is unconstitutional.  FAC ¶¶ 255-66.  But that claim, too, can be resolved on non-constitutional grounds.  Although styled as an independent claim for relief, that claim merely anticipates Defendants' affirmative defense invoking Section 230(c).  As courts have held in similar circumstances, "using the Declaratory Judgment Act to anticipate an affirmative defense is not ordinarily proper."  *Newman v. Google LLC*, No. 20-cv-4011-LHK, 2021 U.S. Dist. LEXIS 119101, at *42 (N.D. Cal. June 25, 2021) (quoting *Divino Group LLC v. Google LLC*, No. 19-cv-04749-VKD, 2021 U.S. Dist. LEXIS 3245, at *32 (N.D. Cal. Jan. 6, 2021)).  After all, if Plaintiff has not demonstrated a likelihood of success on his underlying claims, or if the affirmative defense is otherwise unavailable, then the constitutionality of the affirmative defense is altogether irrelevant to Plaintiff's pending motion.

In short, where "dispositive" grounds may be available that do not require adjudicating the constitutionality of a federal statute, it is "incumbent on" this Court to examine and decide the case on those grounds first.  *Cf. N.Y.C. Transit Auth. v. Beazer*, 440 U.S. 568, 582 (1979) ("Before deciding the constitutional question, it was incumbent on [lower courts] to consider whether the statutory grounds might be dispositive."); *Newman*, 2021 U.S. Dist. LEXIS 119101, at *43 ("[I]t would be inappropriate to adjudicate the constitutionality of Section 230 at this stage in the instant case because such adjudication is avoidable and unnecessary to decide Defendants' motion to dismiss."); *Divino*, 2021 U.S. Dist. LEXIS 3245, at *33.

## II. IF THE COURT REACHES THE QUESTION, IT SHOULD CONCLUDE THAT SECTION 230(C) IS CONSTITUTIONAL

If the Court were to address the constitutionality of Section 230(c), it should conclude that Plaintiff's challenge fails on the merits.  Plaintiff's constitutional challenge is not fully developed in the preliminary injunction motion.  *See* Motion at 19-20 (devoting less than two

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 8 -
Case No. 4:21-cv-8009-JSW

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664

1  pages to the constitutional challenge to Section 230(c)).[6]  Nevertheless, it appears that Plaintiff's

2  argument is that Section 230(c) "encourages" YouTube to censor speech "on the basis of

3  viewpoint" because it immunizes YouTube from certain claims arising out of YouTube's

4  editorial decisions. *Id*. at 19.  Citing the Supreme Court's decision in *Skinner*, Plaintiff contends

5  that Section 230(c) is unconstitutional because it "'remove[s] all legal barriers' to YouTube's

6  refusal to carry content it deems 'objectionable.'"  *Id*. at 20.

7      Plaintiff's argument misunderstands the nature of Section 230(c) and the reach of the

8  *Skinner* decision.  Section 230(c) does not require online service providers to limit or regulate

9  speech by their users.  Instead, Section 230(c) allows companies like YouTube to choose to

10  remove content or allow it to remain on their platforms, without facing liability as publishers or

11  speakers for those editorial decisions.  *See Barnes*, 570 F.3d at 1102 (in the context of Section

12  230(c), "publication involves reviewing, editing, and *deciding whether to publish or to withdraw*

13  from publication third-party content.") (emphasis added).  Section 230(c) does not reflect a

14  preference for restricting content, much less for restricting content relating to any particular

15  viewpoint.

16      As support for his constitutional challenge, Plaintiff relies primarily on *Skinner*, in which

17  federal regulations (1) required private railroad companies to administer drug and alcohol tests

18  to railroad employees involved in certain railway accidents, and (2) authorized but did not require

19  such tests for employees who violated certain safety rules in other circumstances.  489 U.S. at

20  606–11. The Supreme Court held that the regulations mandating testing constituted government

21  action within the purview of the Fourth Amendment because a railroad that complies with such

22  regulations does so by "compulsion of sovereign authority" and therefore must be viewed as an

23  instrument or agent of the government.  *Id*. at 614.  The Supreme Court further held that the

24  regulations allowing but not mandating testing nevertheless established that the government "did

25  more than adopt a passive position toward the underlying private conduct" but had instead

26  "encourage[ed], endors[ed], and participat[ed]" in the testing.  *Id*. at 615–16.  In particular, the

27

28

---

[6] The United States reserves the right to respond to any new or expanded arguments that Plaintiff may later raise in support of his challenge to Section 230(c).

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 9 -
Case No. 4:21-cv-8009-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

government "made plain . . . its desire to share the fruits of" the testing and "mandated that the railroads not bargain away the authority to perform tests granted by" the federal law. *Id*. at 615.

As courts in this district have already concluded, the federal regulations in *Skinner* bear no relationship to Section 230(c). "[N]othing about Section 230 is coercive." *Divino*, 2021 U.S. Dist. LEXIS 3245, at *17 (contrasting the regulations in *Skinner*). Rather, "Section 230 reflects a deliberate *absence* of government involvement in regulating online speech[.]" *Id*. "Unlike the regulations in *Skinner*, Section 230 does not require private entities to do anything, nor does it give the government a right to supervise or obtain information about private activity." *Id*. Therefore, as the Ninth Circuit has already held in a constitutional challenge to YouTube's content moderation, YouTube "remains a private forum, not a public forum subject to judicial scrutiny under the First Amendment." *Prager University v. Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020). "[C]ourts have uniformly concluded that digital internet platforms that open their property to user-generated content do not become state actors," and, accordingly, "the state action doctrine precludes constitutional scrutiny of YouTube's content moderation pursuant to its Terms of Service and Community Guidelines." *See id*. at 997, 999; *see also Atkinson v. Meta Platforms, Inc.*, No. 20-17489, 2021 U.S. App. LEXIS 34632, at *3 (9th Cir. Nov. 22, 2021) ("Section 230 of the Communications Decency Act does not independently transform Meta Platforms into a government actor for First Amendment purposes.").

For similar reasons, Plaintiff's reliance on *Railway Employees' Department v. Hanson*, 351 U.S. 225 (1956), is misplaced. There, a federal statute expressly authorized railroad companies and labor organizations to make union shop agreements requiring all employees to become members of the labor organization. *Id*. at 228-29. The Supreme Court concluded that "the federal statute is the source of the power and authority by which any private rights are lost or sacrificed." *Id*. at 232. In contrast, here, the immunity-conferring provisions in Section 230(c) permit online service providers to choose for themselves what user-generated content to permit or forbid, without the prospect of civil liability for those editorial decisions. Indeed, the Supreme Court "has never held that" the government's "mere acquiescence in a private action converts that action into that of the State." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164 (1978); *see also*

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 10 -
Case No. 4:21-cv-8009-JSW

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664

*Prager*, 951 F.3d at 995.  Accordingly, the immunity provided by Section 230(c) to YouTube does not violate the First Amendment.

It is perhaps for these reasons that Plaintiff is not raising a facial challenge to Section 230(c) but instead argues that it is unconstitutional "as applied" because "[n]umerous government actors, as with the testing protected in Subpart D of the Act regulations in *Skinner*, 'made plain' a 'strong preference' for censoring certain types of content, including those of Plaintiff." Motion at 20.  Relatedly, Plaintiff asserts that members of Congress and other individuals threatened to revoke Section 230 immunity in an effort to coerce YouTube to suspend Plaintiff's account. *Id*. at 8-9.  Thus, Plaintiff appears to assert that even though Section 230(c) is not facially unconstitutional and contains no provision that mandates action against him by YouTube or any other private entity, a constitutional violation emerged when government officials made statements that purportedly encouraged a private entity to exercise its discretion in a particular manner.

But Plaintiff does not explain how the statements of government officials could render the statute unconstitutional.  And Plaintiff cites no decisions in which an otherwise valid statute was deemed unconstitutional because of the statement of a government official.  Instead, Plaintiff relies on a series of cases in which government officials allegedly coerced private parties to censor speech.  Motion at 6-7.  None of those cases, however, involved a constitutional challenge to a statute immunizing private entities; they instead focused on direct challenges to the actions of government officials or private entities.  Accordingly, there is no reason to believe that these purportedly coercive statements would change the Ninth Circuit's conclusion in *Prager* that "the state action doctrine precludes constitutional scrutiny of YouTube's content moderation pursuant to its Terms of Service and Community Guidelines." 951 F.3d at 999.

Furthermore, although Plaintiff asserts that "federal actors repeatedly and coercively pressured Defendant to censor and de-platform Plaintiff," Motion at 6, the statements that Plaintiff cites do not show any coercion.  Most of them do not even mention Plaintiff but instead discuss the general problem of misinformation on social media and refer to potential legislative changes to Section 230. *See id*. at 8-9.  The few statements that do mention Plaintiff do not

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 11 -
Case No. 4:21-cv-8009-JSW

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664

threaten any action against YouTube.  Indeed, YouTube did not take any action against Plaintiff until almost two years after the legislators began making the statements Plaintiff relies on.  *See id*. at 8 (citing statements beginning in April 2019).

Moreover, unlike the regulations at issue in *Skinner*, which were themselves already law, no individual member of Congress has the ability to amend a statute on his or her own initiative. And any such amendment is subject to the veto power of the President which, here, would have been *the Plaintiff himself*.   Thus, the statements of various individual government officials— officials who themselves have First Amendment freedoms at stake, *see, e.g.*, *United States v. Ford*, 830 F.2d 596, 600-01 (6th Cir. 1987) (discussing First Amendment rights of member of Congress)—should not be deemed the coercive action of the government writ large, thereby transforming an action by a private party subject to an otherwise facially neutral statute into the action of the state.

Accordingly, Plaintiff has not demonstrated that Section 230(c) is unconstitutional as applied.

## **CONCLUSION**

For the foregoing reasons, the Court should decide Plaintiff's preliminary injunction motion without addressing the constitutionality of section 230(c) if possible.  If the Court reaches Plaintiff's constitutional challenge to this provision, it should reject it.

DATED:  December 9, 2021          Respectfully submitted,

MICHAEL D. GRANSTON
Deputy Assistant Attorney General

ERIC WOMACK
Assistant Branch Director

JOSHUA M. KOLSKY
INDRANEEL SUR
Trial Attorneys

By:  */s/ Joshua M. Kolsky*
JOSHUA M. KOLSKY
U.S. Department of Justice
Counsel for the United States of America

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)   - 12 -
Case No. 4:21-cv-8009-JSW

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664