Ashley E. Littlefield (SBN 281027)
  ashley.littlefield@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1500

Craig S. Primis, P.C.
  craig.primis@kirkland.com
K. Winn Allen, P.C.
  winn.allen@kirkland.com
Ronald K. Anguas, Jr.
  ronald.anguas@kirkland.com
Katherine H. Epstein
  kate.epstein@kirkland.com
James Y. Xi
  james.xi@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel:  (202) 389-5000 / Fax: (202) 389-5200

*Attorneys for Interested Parties Meta Platforms, Inc.
(f/k/a Facebook, Inc.) and Mark Zuckerberg*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| DONALD J. TRUMP, KELLY VICTORY, AUSTEN FLETCHER, AMERICAN CONSERVATIVE UNION, ANDREW BAGGIANI, MARYSE VERONICA JEAN- LOUIS, NAOMI WOLF, and FRANK VALENTINE,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and SUNDAR PICHAI, Defendants. | Case No. 4:21-cv-08009-JSW<br><br>Hon. Jeffrey S. White<br><br>**OPPOSITION OF INTERESTED PARTIES META PLATFORMS, INC. AND MARK ZUCKERBERG TO PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>Hearing Date: January 21, 2022<br>Courtroom: 2, 17th floor<br>Time: 9:00 am<br>Judge: Hon. Jeffrey S. White |

Having chosen to bring three separate lawsuits, Plaintiffs now seek to consolidate their respective cases under Federal Rule of Civil Procedure 42(a)(2). The Court already denied Plaintiffs' motion to deem the three cases "related" pursuant to Local Rule 3-12. *See YouTube* ECF No. 123. Consolidation is likewise inappropriate because the three cases involve different sets of factual events and largely different sets of parties. At the Court's discretion, it can coordinate some elements of the two actions pending before it, *Facebook* and *YouTube*, in the interest of efficiency and judicial economy. But consolidation is not appropriate given the differences across Plaintiffs' three cases. For these reasons and those that follow, Meta Platforms, Inc. ("Meta") and Mark Zuckerberg oppose Plaintiffs' motion to consolidate.

I.   **BACKGROUND**

On July 7, 2021, three sets of plaintiffs—each including Donald Trump—filed the three separate lawsuits now pending before this Court against Twitter, Inc. (Case No. 4:21-cv-08378), YouTube, LLC, (Case No. 4:21-cv-08009), and Facebook, Inc. (Case No. 4:21-cv-09044), as well as their respective CEOs, in the Southern District of Florida. The only plaintiff in common to each case is Mr. Trump. As set forth in their amended complaints, each set of plaintiffs alleges that they were banned from or otherwise restricted in their use of a different social media service, each with its own set of content standards.

Each plaintiff asserts that she or he faced these restrictions because of different content posted at different times to the respective service named in each lawsuit. For instance, *YouTube* plaintiff Andrew Baggiani alleges that he was first suspended from the YouTube service in March 2021 "due to a video discussing election fraud in the state of Georgia" that he posted. *YouTube* Am. Compl. (ECF No. 21) ¶ 175. He alleges that one of his suspensions was imposed because his post was "flagged by YouTube as inciting violence or glorifying a violent act." *Id.* ¶ 176. *Twitter* plaintiff Dominick Latella alleges he was "shadow banned and was first suspended" from Twitter more than two years earlier "during the 2018 Midterm Election … due to posting positive messages about Republican candidates and President Trump." *Twitter* Am. Compl. (ECF No. 21) ¶ 142. And *Facebook* plaintiff Magayls Rios alleges that she was censored in the spring of 2020 after she "posted about alternative treatments for COVID-19" and Meta purportedly "deleted the post and labeled it as a violation" of Facebook's community standards. *Facebook* Am. Compl. (ECF No. 16) ¶ 169. Even Mr. Trump, who is a plaintiff in all three lawsuits, identifies

different content posted to different platforms at different times as the basis for different restrictions imposed on his accounts under each platform's own content standards. *See, e.g.*, *YouTube* Am. Compl. ¶¶ 162-63, 167-68, 170; *Facebook* Am. Compl. ¶¶ 139-40; *Twitter* Am. Compl. ¶¶ 113-15.

After filing, each case was assigned to a different judge in the Southern District of Florida. None of the plaintiffs filed a Notice of Related Case, as required by the Southern District of Florida Local Rules for "any similar actions or proceedings." S.D. Fla. L.R. 3.8; *see also* S.D. Fla. I.O.P. 2.15.00. Nor did any of the plaintiffs seek consolidation under Federal Rule 42(a)(2). Instead, the plaintiffs in each case litigated them separately. In arguing against relating the cases in the Southern District of Florida under the standard applicable there, the *YouTube* plaintiffs told the Court that "each of the three matters … involve distinct and detailed factual inquiries, with little commonality between each case." *YouTube* ECF No. 57 ¶ 5. They also explained that "judicial economy would not be served by these three cases being brought before one court." *Id.* ¶ 6.

The three cases proceeded on different schedules in the Southern District of Florida. Mr. Trump filed a motion for preliminary injunction in the *YouTube* matter on August 23, 2021. *YouTube* ECF No. 43. He then filed a motion for a preliminary injunction in the *Twitter* matter on October 1, 2021 (*Twitter* ECF No. 62) and a motion for preliminary injunction in the *Facebook* matter on October 7, 2021. *Facebook* ECF No. 78. Later, each set of defendants at different times moved to transfer the cases to this Court based on different forum selection clauses applicable to each defendant's social media service.

The *YouTube* matter was the first to be transferred to this Court. *YouTube* ECF No. 70. And in later opposing transfer in the other cases, Plaintiffs again told the respective courts in the *Twitter* and *Facebook* actions that the three cases were distinct, asserting that they needed additional briefing "to explain how [the *YouTube* case] differs from this one." *Facebook* ECF Nos. 81, 86; *Twitter* ECF Nos. 68, 75. Plaintiffs then explained that the three companies' forum-selection clauses were different, and that the facts of each case were "distinguishable." *Facebook* ECF No. 86; *Twitter* ECF No. 75.

All three cases were eventually transferred to the Northern District of California. The *YouTube* and *Facebook* matters are pending before this Court, and the *Twitter* matter is pending before the Honorable James Donato. On November 9, 2021, before the *Facebook* case was transferred, Plaintiffs filed in this Court an administrative motion under Local Rule 3-12 to relate the *YouTube* and *Twitter*

META AND MR. ZUCKERBERG'S OPPOSITION
TO PLAINTIFFS' MOTION TO CONSOLIDATE

2

CASE NO. 4:21-CV-08009-JSW

actions, arguing that the "core legal issues in both cases are identical." *YouTube* ECF No. 118 at 2. Plaintiffs also suggested that the Court should exercise its "discretion to consolidate the cases *sua sponte* under Fed. R. Civ. P. 42(a)." *Id.* at 5. The Court denied the administrative motion on November 30, 2021. *YouTube* ECF No. 123. The next day, Plaintiffs moved to consolidate the *YouTube* and *Twitter* actions, as well as the *Facebook* action (which had by then been transferred to this Court), under Federal Rule of Civil Procedure 42(a)(2). Together with the defendants in the *YouTube* and *Twitter* actions, the defendants in the *Facebook* action now oppose Plaintiffs' motion to consolidate.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(a)(2) provides that a court "may," in its discretion, consolidate two or more actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42; *accord Fabricant v. United States Dep't of Just.*, 753 F. App'x 543, 544 (9th Cir. 2019). "The party seeking consolidation bears the burden of demonstrating that convenience and judicial economy would result from consolidation." *Snyder v. Nationstar Mortg. LLC*, 2016 WL 3519181, at *2 (N.D. Cal. June 28, 2016); *Wright v. United States*, 1993 WL 313040, at *1 (N.D. Cal. Aug. 6, 1993).

## III.   ARGUMENT

### A.   Consolidation Is Not Appropriate Because The Three Cases Involve Different Parties And Different Underlying Events.

Plaintiffs' three separate actions would not benefit from consolidation because they are each based on different sets of facts involving almost entirely different sets of parties. To begin, there are no defendants in common across the three cases, nor is there significant overlap across the plaintiffs. But more fundamentally, the cases turn on different sets of factual events. Each set of plaintiffs allege that they were banned or restricted from a different social media service for posting different content at different times that violated each respective service's own content standards. In short, the cases are different because YouTube, Twitter, and Meta operate different services, and each has its own distinct set of policies that govern what content is and is not permitted on those services. *See YouTube* Am. Compl. ¶ 37 (YouTube governed by its own Terms of Service and Community Guidelines); *Twitter* Am. Compl. ¶ 37 (Twitter governed by its own Terms of Service and content rules); *Facebook* Am. Compl. ¶¶ 41, 160

(Facebook governed by its own Community Standards and Terms of Service). The policies also include different enforcement mechanisms for different types of presumed violations.

What is more, the content decisions at issue in each lawsuit involve different material posted to different services that was, in almost every case, created and posted by different plaintiffs. Those are not the same events, and they do not implicate the same factual questions. For instance, plaintiff Rafael Barboza asserts that his Twitter account was "locked" in January 2021 "as a result of violating [Twitter's] community standards" prohibiting "hurtful content, abuse, and harassment" in connection with posts involving "lawyers and political figures fighting for election integrity." *Twitter* Am. Compl. ¶¶ 134-135. Plaintiff Frank Valentine asserts that his YouTube account, titled "Firearms of America," was "demonetized" and flagged as inappropriate for "displaying harmful content" in June 2021. *YouTube* Am. Compl. ¶¶ 194, 198. And plaintiffs Kiyan and Bobby Michael allege that Meta "censored" their accounts eighteen months earlier, "[b]eginning in January of 2020," after they posted "content related to COVID-19 and support for President Trump and his policies." *Facebook* Am. Compl. ¶ 150. There would be little benefit to consolidating these three cases given the distinct factual allegations in each case, which differ in time and subject matter as well as in the standards used to evaluate the content. *See, e.g.*, *Adobe Sys. Inc. v. A&S Elecs., Inc.*, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) ("Here, there is minor overlap between the parties, but the two actions lack commonality in terms of the defendant actors and the underlying transactions."); *see also Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1014 (9th Cir. 2020) (no state action where plaintiff "does not allege that the state government commanded a particular result in, or otherwise participated in, his specific case").

Plaintiffs point out that the three actions each involve claims under the First Amendment and two Florida laws, as well as challenges to the constitutionality of Section 230 of the Communications Decency Act. *See* Pls.' Mot. (ECF No. 125) at 4-5. But those similarities do not justify consolidation under Rule 42(a)(2). *See, e.g.*, *Jackson v. City & Cnty. of S.F.*, 2010 WL 11582918, at *1 (N.D. Cal. Dec. 16, 2010) (denying motion to consolidate two cases challenging constitutionality of same city ordinance). Some commonality in the legal theories and purported injuries does not warrant consolidation in light of the material differences across Plaintiffs' three cases. *See, e.g.*, *Miesegaes v. Allenby*, 2020 WL 5413021, at *1 (C.D. Cal. Aug. 6, 2020) ("Even though there may be some overlap in the law on the two substantive

due process claims in the two actions, any efficiency from consolidating the actions would be minimal considering the different underlying facts."); *Snyder*, 2016 WL 3519181, at *3 ("Indeed, were Plaintiff's argument accepted, *any and all* cases that allegedly damaged her credit score—regardless of the nature of those cases—could be properly consolidated. This is not the law."). Indeed, many cases presenting the same general subject matter and legal issues are routinely filed in front of this Court and are not consolidated. *See, e.g.*, *Doe v. Google LLC*, 2021 WL 4864418, at *1 (N.D. Cal. Oct. 19, 2021) (rejecting First Amendment claim against Google by "conservative content creators"); *Children's Health Def. v. Facebook, Inc.*, 2021 WL 2662064, at *2 (N.D. Cal. June 29, 2021) (rejecting similar claim against Meta by "child health protection and advocacy group").

Nor does the fact that Meta filed a "Notice of Related Case" in the Southern District of Florida mean that consolidation is appropriate here. *See* Pls.' Mot. at 6-7. The standard for relating cases in the Southern District of Florida is broad, requiring counsel to promptly notify the court of "any similar actions or proceedings." S.D. Fla. L.R. 3.8: S.D. Fla. I.O.P. 2.15.00. The standard for relatedness in the Northern District of California is narrower, applying only when: (1) "The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. L.R. 3-12(a). As the Court has already concluded, that standard is not satisfied here. *See YouTube* ECF No. 123. Consolidation is not appropriate for the same reasons.

**B.     Consolidation Would Not Promote Judicial Efficiency Any More Than Coordination.**

As the parties seeking consolidation, Plaintiffs bear the burden of proving that consolidation would promote convenience and judicial economy. *See Snyder*, 2016 WL 3519181, at *2. They cannot meet that burden considering the differences across their cases. Despite these differences, however, Meta and Mr. Zuckerberg do not oppose common-sense coordination across the matters—for instance, by aligning hearing dates and status conferences for the sake of efficiency. If the Court determines that this type of coordination is appropriate, the Court's inherent authority to manage its own docket allows it to do so. But formal consolidation under Rule 42(a)(2) is not warranted and would not promote judicial efficiency any more than coordination would.

This Court has already considered and rejected a relatedness motion under Local Rule 3-12, which provides that one action is related to another when, among other factors, and it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results" if the cases are not deemed related.   N.D. Cal. L.R. 3.2; *see also YouTube* ECF No. 123.  Although this standard is not identical to the one imposed by Rule 42(a)(2), the two standards involve the same considerations of factual overlap and judicial economy.  *See, e.g.*, *Snyder*, 2016 WL 3519181, at *2 ("In determining whether consolidation is appropriate, the court 'weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause.'" (citation omitted)).  And while Plaintiffs argue that "denial of a motion to relate under Rule 3-12 does not automatically preclude consolidation under Fed. R. Civ. P. 42," Pls.' Mot. at 2, the case they cite for that proposition ultimately concluded that "the circumstances as a whole do not warrant consolidation." *Jackson*, 2010 WL 11582918, at *2.  The same holds true here: the differences across the cases outweigh any similarities, and "the circumstances as a whole do not warrant consolidation." *Id*.  While Meta and Mr. Zuckerberg do not oppose common-sense coordination between the *Facebook* and *YouTube* matters pending before it, pursuant to the Court's inherent authority to manage its docket, consolidation is inappropriate and will not benefit the parties or the Court.[1]

## IV.   CONCLUSION

For all these reasons, the Court should deny Plaintiffs' motion to consolidate.

---

[1] At best for Plaintiffs, consolidation is premature because any benefits that might arise from consolidation are speculative given that the defendants across all three cases have moved to dismiss or intend to do so. Courts have recognized that motions to consolidate are premature and should be denied as such where, as here, a motion to dismiss is pending. *See, e.g.*, Wright & Miller, Consolidation—Discretion of Court, 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.) ("[C]ourts have concluded that consolidation is premature when motions to dismiss are pending.") (collecting cases); *Benson v. Fischer*, 2019 WL 332434, at *2 (D. Minn. Jan. 25, 2019); *see also Anselmo v. Cnty. of Shasta, Cal.*, 2012 WL 13046421, at *1 (E.D. Cal. Aug. 6, 2012) (denying motion to consolidate as premature).

| | |
|---|---|
| DATED: December 15, 2021 | Respectfully submitted,<br><br>KIRKLAND & ELLIS LLP<br><br>*s/ Ashley E. Littlefield*<br>Ashley E. Littlefield (SBN 281027)<br>KIRKLAND & ELLIS LLP<br>  ashley.littlefield@kirkland.com<br>555 California Street<br>San Francisco, CA 94104<br>Tel: (415) 439-1400 / Fax: (415) 439-1500<br>Email: ashley.littlefield@kirkland.com<br><br>Craig S. Primis, P.C.<br>  craig.primis@kirkland.com<br>K. Winn Allen, P.C.<br>  winn.allen@kirkland.com<br>Ronald K. Anguas, Jr.<br>  ronald.anguas@kirkland.com<br>Katherine H. Epstein<br>  kate.epstein@kirkland.com<br>James Y. Xi<br>  james.xi@kirkland.com<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Tel:  (202) 389-5000 / Fax: (202) 389-5200<br><br>*Attorneys for Interested Parties Meta Platforms, Inc. (f/k/a Facebook, Inc.) and Mark Zuckerberg* |