| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MENG JIA YANG, SBN 311859<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>Email: mjyang@wsgr.com | BRIAN M. WILLEN (*admitted pro hac*)<br>BENJAMIN D. MARGO (*admitted pro hac*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com<br>Email: bmargo@wsgr.com |
| AMIT Q. GRESSEL, SBN 307663<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>One Market Plaza<br>Spear Tower, Suite 3300<br>San Francisco, CA 94105-1126<br>Telephone: (415) 947-2000<br>Facsimile: (415) 947-2099<br>Email: agressel@wsgr.com | STEFFEN N. JOHNSON (*admitted pro hac*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, DC 20006-3817<br>Telephone: (202) 973-8800<br>Facsimile: (202) 973-8899<br>Email: sjohnson@wsgr.com |

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| DONALD J. TRUMP, KELLY VICTORY, AUSTEN FLETCHER, AMERICAN CONSERVATIVE UNION, ANDREW BAGGIANI, MARYSE VERONICA JEAN-LOUIS, NAOMI WOLF, and FRANK VALENTINE,<br><br>    Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and SUNDAR PICHAI,<br><br>    Defendants. | CASE NO.: 4:21-cv-08009-JSW<br><br>**DEFENDANTS YOUTUBE AND SUNDAR PICHAI'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>Hon. Jeffrey S. White<br><br>Hearing information:<br>Date: February 4, 2022<br>Time: 9:00 AM |

1. After vehemently resisting relating this action to *Trump et al. v. Twitter, Inc. et al.*, No. 3:21-cv-08378-JD ("*Twitter*") when both were pending in the Southern District of Florida (Dkt. 57), Plaintiffs made an about-face and filed an administrative motion to relate the cases under Local Rule 3-12 (Dkt. 118) ("Mot."). This Court rejected that motion, determining "that no cases are related and no reassignments shall occur." Dkt. 123 at 2. Unwilling to accept the Court's ruling, Plaintiffs now bring a motion under Fed. R. Civ. P. 42(a) to reassign the *Twitter* action from Judge Donato and consolidate it with this case and *Trump et al. v. Facebook, Inc. et al.*, No. 4:21-cv-09044-JSW ("*Facebook*"), which was randomly assigned to this Court after its transfer from Florida. Dkt. 125. Because Plaintiffs should not be permitted to use Rule 42 to override the mechanism for relating cases assigned to different judges in this Court, and because formal consolidation of these three cases (which involve largely different plaintiffs suing different defendants) is unwarranted, Defendants YouTube and Sundar Pichai (collectively "YouTube") oppose Plaintiffs' motion.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should apply Fed. R. Civ. P. 42(a) to reassign to this Court and consolidate with this case a separate case pending before another Judge in this District that this Court has already determined not to be a related case under Local Rule 3-12 and where the Court has already concluded that "no reassignments shall occur."

2. Whether Plaintiffs have provided sufficient justification for this Court to exercise its discretion under Rule 42(a) to consolidate this case with the two actions against different defendants that Plaintiffs chose to file as separate cases.

**ARGUMENT**

**A.   Plaintiffs' Effort To Circumvent This Court's Related-Case Order By Seeking Reassignment Of The *Twitter* Action Should Be Rejected**

Local Rule 3-12 is the mechanism this District has created for determining when two or more cases assigned to different Judges should be related and reassigned. The Rule reflects the collective judgment of this District that such reassignments should not occur unless two conditions are met: (1) the "actions concern substantially the same parties, property, transaction or event";

1  and (2) it "appears likely that there will be an unduly burdensome duplication of labor and expense
2  or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a)(1), (2).
3  Thus, when potentially similar cases are pending before different judges, the Court should first
4  determine relatedness under Local Rule 3-12, and only if a case is deemed related and reassigned
5  pursuant to that Rule should the Court potentially exercise its discretion to consolidate the actions
6  under Rule 42. *See, e.g.*, *Mullur v. QuantumScape Corp. (In re QuantumScape Sec. Class Action
7  Litig.)*, 2021 U.S. Dist. LEXIS 97785, at *4-5 (N.D. Cal. May 18, 2021) (finding relatedness of
8  cases before other judges prior to consolidating them) (Orrick, J.); *Corephotonics, Ltd. v. Apple,
9  Inc.*, 2018 U.S. Dist. LEXIS 170408, at *13 (N.D. Cal. Oct. 1, 2018) (Koh, J.) (same).

10        Here, that threshold determination has already been made. Plaintiffs filed an administrative
11  motion under Local Rule 3-12 seeking to relate the *Twitter* case to this one, and this Court
12  determined that "no cases are related and no reassignments shall occur." Dkt. 123 at 2. Now,
13  however, Plaintiffs attempt to circumvent that ruling—and indeed, the entire intra-district
14  reassignment scheme created by this District's Civil Local Rules—by seeking the same relief in
15  the guise of a motion to consolidate under Fed. R. Civ. P. 42(a). Under Plaintiff's approach, the
16  specific standards for relatedness set out in the Local Rules would be effectively nugatory. Any
17  party unable to meet those standards could take another bite at the apple under Rule 42—or perhaps
18  just avoid invoking Local Rule 3-12 at all. Indeed, Plaintiffs' consolidation motion amounts to a
19  (procedurally and substantively) improper request to reconsider this Court's order denying
20  relatedness. *Cf.* Civ. L.R. 7-9.

21        It is unsurprising, therefore, that Plaintiffs do not cite a single case in which any court in
22  this District has ever done what they now propose.[1] In fact, courts have consistently rejected efforts
23  to consolidate cases pending before different judges that do not meet the standards for relatedness

---

[1] That includes *Jackson v. City and County of San Francisco*, 2010 WL 11582918, at *1 (N.D. Cal. Dec. 16, 2010), on which Plaintiffs rely (Dkt. 125 at 1). Though that case suggested that "denial of a motion to relate under Rule 3-12 does not ***automatically*** preclude consolidation," the court went on to say that "it does not follow that consolidation is appropriate every time there is some common question of law or fact, without regard to issues such as those identified in Rule 3-12." *Id.* (emphasis added). And the court ultimately ***rejected*** consolidation, holding that "while . . . the threshold requirement under Rule 42 that there be 'a common question of law or fact' is satisfied here, the circumstances as a whole do not warrant consolidation." *Id.* at *2.

under Local Rule 3-12. *See, e.g.*, *Allan v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 20906, at *2 (N.D. Cal. Feb. 14, 2017) (Freeman, J.) (refusing to consolidate, observing that neither Federal nor Local rules "authorize transfer of cases from one judge to another absent a determination that the cases are related under Civil Local Rule 3-12"); *Lugo v. Experian Info. Sols., Inc.*, 2017 WL 11577918, at *2 (N.D. Cal. Feb. 6, 2017) (Davila, J.) (refusing to consolidate and observing that relation under Local Rule 3-12 "seems a necessary precursor to consolidation").[2] The Court should do the same here. There is no basis to use Rule 42(a) to reassign from Judge Donato a case that has already been deemed not to be related to this one. This Court's ruling that the cases do not meet the standards for relatedness and intra-district reassignment under Local Rule 3-12 should control how the Court exercises its discretion in regard to consolidation of those same cases under Rule 42(a).

        **B.**    *Twitter* **and** *Facebook* **Should Not Be Fully Consolidated with this Case**

Beyond Plaintiffs' improper effort to evade this Court's ruling and the Local Rules, this Court should not exercise its discretion under Rule 42 to consolidate this case with either the *Twitter* case or the *Facebook* case. *Cf. Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). While Plaintiffs are unclear about what they are actually seeking by way of their consolidation request, YouTube opposes any effort either: (1) to reassign the *Twitter* case to this Court; or (2) to merge this case with the *Facebook* action for all pre-trial proceedings. Plaintiffs have not shown that "the interest of judicial convenience" outweighs "the potential for delay, confusion and prejudice caused by consolidation" to such an extent as to justify either of those outcomes. *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989); *accord Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, 2021 WL 2780234, at *2 (S.D. Cal. July 2, 2021) ("[E]ven where a

---

[2] *Accord Hughes v. Experian Info. Sols., Inc.*, 2017 WL 975969, at *2 (N.D. Cal. Mar. 13, 2017) (Tigar, J.); *Anderson v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 20907, at *1-3 (N.D. Cal. Feb. 14, 2017) (Freeman, J.); *Basconcello v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 8402, at *2 (N.D. Cal. Jan. 20, 2017) (Hamilton, J.); *Burrows v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 8400, at *2-3 (N.D. Cal. Jan. 20, 2017) (Hamilton, J.); *Olsen v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 8398, at *2 (N.D. Cal. Jan. 20, 2017) (Hamilton, J.).

common question exists, consolidation is inappropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party.") (citation omitted).

As an initial matter, in demanding that the Court join these three cases together, Plaintiffs inexplicably seek to reverse their own strategic choices. These cases were filed against YouTube, Twitter, and Facebook on the same day by the same Plaintiffs' counsel. In doing so, Plaintiffs elected to file them as three separate actions in the Southern District of Florida. Those cases were duly assigned to three different judges, and Plaintiffs' counsel then vigorously opposed having them reassigned to a single judge—even under the relaxed standard for relatedness in the Southern District of Florida. *See* S.D. Fla. Internal Operating Procedures § 2.15.00 (cases are related where for any reason "the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge"); Dkt. 57 ¶ 5 (Plaintiffs arguing that the three cases "involve distinct and detailed factual inquiries, with little commonality between each case"). And Plaintiffs' position prevailed: the three cases remained separate, resulting in three separate rulings transferring each case to this District. Plaintiffs do not even try to explain why they have now flipped their approach and are insisting that the cases be consolidated and brought before a single judge, even in the face of this Court's rejection of that exact outcome. Nor do Plaintiffs explain why consolidation now would advance the same considerations of judicial economy that they expressly denied it would serve in Florida. *See id.* ¶ 6 ("[I]t was and remains the position of the Plaintiffs that the goals of the Related Case Provisions, namely judicial economy, would not be served by these three cases being brought before one court[.]").

And while the cases undeniably raise some similar legal issues, there are many important differences among them. The three cases involve different parties, different online services, different content, and different moderation decisions. As to the parties, Plaintiff Trump is joined by a different cast of named plaintiffs in each case; there are no common defendants. As to the nature of the online services, YouTube is a platform for sharing videos, whereas, by Plaintiffs' description, Facebook offers a "service for people 'to talk openly about the issues that matter to them,'" *Facebook* Am. Compl. ¶ 2, and Twitter provides a "microblogging service" featuring short messages known as "tweets." *Twitter* Am. Compl. ¶ 28. Each one has its own terms of service, its

own rules for content moderation, and its own practices for moderating user-generated content. As to the alleged key events, the complaints focus on a hodgepodge of moderation decisions by YouTube, Facebook, and Twitter that were made by different people at different companies reviewing different content posted by different users on different platforms.

Those significant differences would overwhelm the handful of common legal issues if the cases were consolidated. *See, e.g.*, *Miesegaes v. Allenby*, 2020 WL 5413021, at *1 (C.D. Cal. Aug. 6, 2020) ("Even though there may be some overlap in the law on the two substantive due process claims in the two actions, any efficiency from consolidating the actions would be minimal considering the different underlying facts."); *Jackson v. Berkey*, 2020 WL 1974247, at *2 (W.D. Wash. Apr. 24, 2020) (denying consolidation where "any pre-trial motions which encompass Plaintiff's allegations across all three cases would involve separate and distinct evidence requiring separate evaluations and analyses"). Forcing the parties to combine fact discovery, any expert discovery, and summary judgment proceedings would only cause confusion and inefficiency; it would waste the Court's time trying to disentangle the consolidated cases to judge each one fairly on its own facts and circumstances. *See Jackson*, 2020 WL 1974247, at *2 (consolidation is inappropriate if it "would cause delays and confusion as the resolution of issues from all three cases would be embedded in single or multiple, likely unwieldy, orders or report and recommendations"); *Chavez v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 20923, at *3 (N.D. Cal. Feb. 14, 2017) (observing that "[s]hould these cases make it past the pleading stage, much of the discovery and many of the factual issues will be individualized").

Moreover, the overlapping legal issues do not warrant either reassignment of the *Twitter* action or formal consolidation of any of the cases. As discussed in YouTube's motion to dismiss, this District has had numerous recent cases that have raised virtually identical legal claims and questions as those here – including whether YouTube and other online service providers are state actors, whether statements by public officials amount to government coercion or joint action, and whether Section 230 is unconstitutional. None of those cases has been consolidated – or even treated as related. That has not created any problem of inefficiency or inconsistent results – to the contrary, courts have been uniform in their (prompt) rejection of these meritless claims as a matter

1   of law. *See Doe v. Google LLC*, 2021 U.S. Dist. LEXIS 201377, at *3-19 (N.D. Cal. Oct. 19, 2021)
2   (Freeman, J.) (rejecting First Amendment claim against YouTube); *Daniels v. Alphabet Inc.*, 2021
3   U.S. Dist. LEXIS 64385, at *13-21 (N.D. Cal. Mar. 31, 2021) (DeMarchi, J.) (same); *Children's
4   Health Def. v. Facebook Inc.*, 2021 U.S. Dist. LEXIS 121314, at *30-46 (N.D. Cal. June 29, 2021)
5   (Illston, J.) (rejecting same claim against Facebook), *appeal filed*, No. 21-16210 (9th Cir. July 21,
6   2021); *Newman v. Google LLC*, 2021 U.S. Dist. LEXIS 119101, at *25-31, *40-43 (N.D. Cal. June
7   25, 2021) (Koh, J.) (rejecting First Amendment claim against YouTube and dismissing claim
8   seeking declaration that Section 230 is unconstitutional); *Divino Grp. LLC v. Google LLC*, 2021
9   U.S. Dist. LEXIS 3245, at *12-22 (N.D. Cal. Jan. 6, 2021) (DeMarchi, J.) (rejecting First
10  Amendment claim against YouTube); *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 952-53 (N.D.
11  Cal. 2020) (Kim, J.) (same), *aff'd*, 851 F. App'x 723 (9th Cir.), *cert. denied*, 142 S. Ct. 434 (2021).
12  There is no reason to do anything different here. This Court is fully capable of resolving the issues
13  raised by YouTube's pending motion to dismiss, just as Judge Donato can resolve those raised by
14  Twitter's motion.

15  At a minimum, Plaintiffs' request for consolidation is premature at this very early stage of
16  litigation. That is especially so because Plaintiffs do not articulate what they are actually seeking
17  by way of consolidation; they do not describe the extent to which they think the cases should be
18  merged or how consolidation would work throughout the remaining phases of litigation. It would
19  be more efficient to resolve the pending motions to dismiss (and preliminary injunction motions)
20  and see what is left of the cases at that point. Indeed, many "[c]ourts have concluded that
21  consolidation is premature when motions to dismiss are pending." *Benson v. Fischer*, 2019 WL
22  332434, at *2 (D. Minn. Jan. 25, 2019); *accord Rancho Agricola Santa Monica, S. de R.L. de C.V.
23  v. Westar Seeds Int'l, Inc.*, 2009 WL 3148756, at *2 (S.D. Cal. Sept. 29, 2009) ("The potentially
24  significant legal and factual differences between the two actions caution against the premature
25  consolidation of the two actions.").

26  Of course, this Court has inherent authority to manage the two cases now pending before
27  it (the *YouTube* and *Facebook* actions) in ways that will facilitate "just, speedy, and inexpensive
28  determination" of those actions. Fed. R. Civ. P. 1. But formal consolidation of those cases is neither

necessary to advance the goal of judicial economy nor warranted by the circumstances. *Cf. United States v. Mysin*, 2018 WL 6620343, at *2 (E.D. Cal. Dec. 18, 2018) (declining to consolidate cases because the court already intended to "call both related cases for sentencing on the same date and time").

## CONCLUSION

Plaintiffs' motion to consolidate this case with the cases pending against Twitter and Facebook should be denied.

Dated: December 15, 2021

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Brian M. Willen*
    Brian M. Willen
    bwillen@wsgr.com

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI