JOHN P. COALE *(pro hac vice)*
2901 Fessenden Street NW
Washington, DC 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY *(pro hac vice)*
MICHAEL J. JONES *(pro hac vice)*
RYAN TOUGIAS *(pro hac vice)*
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Email: jqkelly@ibolaw.com
Email: mjones@ibolaw.com

FRANK C. DUDENHEFER , JR. *(pro hac vice)*
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com
*[Additional Counsel on Signature Page]*
Attorneys for Plaintiffs

ANDREI POPOVICI (234820)
MARIE FIALA (79676)
LAW OFFICE OF ANDREI D. POPOVICI, P.C.
2121 North California Blvd. #290
Walnut Creek, CA 94596
Telephone: (650) 530-9989
Email: andrei@apatent.com
Email: marie@apatent.com

M. CRIS ARMENTA (177403)
CREDENCE ELIZABETH SOL (219784)
ARMENTA & SOL, PC
11440 West Bernardo Court, Suite 300
San Diego, CA 92127
Tel.: 858-753-1724
Email: cris@crisarmenta.com
Email: credence@crisarmenta.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| DONALD J. TRUMP, the Forty-Fifth President of the United States, KELLY VICTORY, AUSTEN FLETCHER, AMERICAN CONSERVATIVE UNION, ANDRES BIAGGIANI, MARYSE VERONICA JEAN-LOIUS, NAOMI WOLF, AND FRANK VALENTINE, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC, and SUNDAR PICHAI, Defendants | Case No: 4:21-CV-08009-JSW<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE**<br>Hon. Jeffrey S. White<br><br>Hearing Information:<br>Date: February 4, 2022<br>Time: 9:00 a.m.<br>Place: https://cand-uscourts.zoomgov.com/j/1606745157?pwd=Q1FSb2lwcitwS1BYUDc0L2VXekR0UT09 (Webinar ID 160 674 5157, Password 271988)<br><br>Complaint Filed: October 13, 2021<br>Transferred: November 4, 2021 |

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3

I.      INTRODUCTION ........................................................................................................ 1

4

II.     ARGUMENT ............................................................................................................... 2

5       A.      This Court May Order Consolidation Regardless of Whether the Cases
                Have Been Related. ......................................................................................... 2

6               1.      The Ninth Circuit Has Definitively Rejected Defendants' Argument That
                        Only Related Cases May Be Consolidated. ........................................... 2

7
8               2.      District Courts Cannot Implicitly Limit or Modify the Rule 42(a)
                        Consolidation Standard Based on a Local Rule. .................................... 3

9               3.      District Courts in This Circuit Have Decided Consolidation Motions for
                        Unrelated Cases ..................................................................................... 4

10      B.      Here, Common Questions of Both Fact and Law Justify Consolidation. ............ 5

11      C.      Consolidating the Cases Will Conserve Judicial Resources and Prevent
                the Risk of Inconsistent Rulings on Dispositive Issues. ................................... 7

12              1.      Given the Posture of the Cases, Consolidation Is Important to Further
                        Judicial Convenience and Avoid Conflicting Results............................. 7

13              2.      Defendants Do Not Identify Any Prejudice That Would Flow from
                        Consolidation. ...................................................................................... 9

14
15      D.      The Extent to Which Discovery and Subsequent Motions Should Be
                Consolidated Can Be Decided After Rulings on the Initial Motions.................. 10

16      E.      Plaintiffs' Statements About Factual Similarities in the Context of
                Arguing the Florida Related Case Motion Do Not Affect the Rule 42
                Determination.................................................................................................. 10

17      III.    CONCLUSION ........................................................................................................... 11

18
19
20
21
22
23
24
25
26
27
28

1

## <u>TABLE OF AUTHORITIES</u>

2

Cases

*Alliance Atlantis Releasing Ltd. v. Bob Yari Productions*, 2009 WL 10673738 (C.D. Calif. Dec. 3, 2009) ............................................................................................................................. 6

*Brenneise v. San Diego Unified School District*, 2008 WL 11337379 (S.D. Ca. June 24, 2008) ... 8

*Caron v. Caesars Entertainment Corp.*, 2020 WL 1323105 (D. Ariz. Mar. 20, 2020) ................... 5

*Children's Health Def. v. Facebook Inc.*, 2021 WL 2662064 (N.D. Calif. June 29, 2021) ............ 8

*Columbia Helicopters, Inc. v. Carson Helicopters, Inc.*, 2011 WL 13388893 ( D. Ore. Apr. 5, 2011) ............................................................................................................................. 5

*Comcast Cable Communications, LLC v. OpenTV, Inc.*, 319 F.R.D. 269 (N.D. Calif. 2017) ........ 3

*Cornell v. Soundgarden*, 2021 WL 1663924 (W.D. Wash. Apr. 26, 2021) .................................... 9

*Daniels v. Alphabet Inc.*, 2021 WL 1222166 (N.D. Calif. Mar. 31, 2021)..................................... 8

*Firefighters, Local 1908 v. County of Clark*, 2012 WL 1986590 (D. Nev. June 1, 2012) .............. 9

*First Nat. Bank, Henrietta v. Small Bus. Admin.*, 429 F.2d 280 (5th Cir.1970) ............................ 3

*Frazier v. Heebe*, 482 U.S. 641 (1987) ......................................................................................... 3

*Garcia v. Gordon Trucking, Inc.*, 2011 WL 2746305 (E.D. Calif. July 14, 2011)....................... 10

*Hall v. Hall*, 138 S. Ct. 1118 (2018) ......................................................................................... 10

*Ingram v. AAA Cooper Transportation, Inc.*, 2016 WL 5402749 (S.D. Ga. Sept. 26, 2016).......... 4

*Investors Research Co. v. U.S. Dist. Court*, 877 F.2d 777 (9th Cir. 1989).................................... 2

*Jackson v. City and County of San Francisco*, 2010 WL 11582918 (N.D. Calif. Dec. 16, 2010) .. 4

*Knight First Amendment Inst. et al v. Trump, et al.*, 928 F.3d 226 (2d Cir. 2019)......................... 1

*Kruse Technology Partnership v. Daimler AG*, 2010 WL 11468434 (C.D. Calif. Sept. 29, 2010) 5

*Liberty Mutual Insurance Group v. Panelized Structures, Inc.*, 2012 WL 13048972 (D. Nev. June 22, 2012) ....................................................................................................................... 9

*Lopes v. Fitbit, Inc.*, 2019 WL 1865926 (N.D. Calif. Apr. 25, 2019) ........................................... 7

*Mullen v. Wells Fargo & Co.*, 2021 WL 965344 (N.D. Calif. Mar. 15, 2021)............................... 6

*National Association for the Advancement of Multijurisdiction Practice v. Lynch*, 826 F.3d 191 (4th Cir. 2016).................................................................................................................. 3

*Navarette v. Hill's Pet Nutrition, Inc.*, 2019 WL 1932388 (N.D. Calif. May 1, 2019) ................... 7

*Nelson v. Paulson*, 2008 WL 11347440 (W.D. Wash. Sept. 25, 2008).......................................... 5

*Newman v. Google LLC*, 2021 WL 2633423 (N.D. Calif. June 25, 2021) ..................................... 9

*Philadelphia Indem. Ins. Co. v. Douglas E. Barnhart, Inc.*, 2007 WL 2873683 (S.D. Calif. Sept. 27, 2007) ......................................................................................................................... 6

*Prestige v. United States*, 2014 WL 11332313 (D. Ariz. Mar. 10, 2014)....................................... 5

*Sibbach v. Wilson & Co.*, 312 U.S. 1 (1941) ................................................................. 3

*Sparrow v. Teknovation Corp.*, 2005 WL 8161891 (D. Nev. Nov. 1, 2005) ................................. 5

*Thaw v. Lynch*, 2016 WL 1045527, at *2 (D. Ariz. Mar. 16, 2016) ................................. 4

*U.S. Bank Nat. Ass'n v. Ribeiro*, 2012 WL 40459 (D. Nevada Jan. 9, 2012) ................................. 5

*West v. New Mexico Tax. & Rev. Dept.*, 2011 WL 5223010 (D. N. Mex. Sept. 30, 2011) ............ 4

*Zhu v. UCBH Holdings, Inc.* 682 F. Supp. 2d 1049 (N.D. Calif. 2010) ........................................ 7


Statutes

28 U.S.C. §2071 ................................................................................................................. 3

47 U.S.C. §230 ................................................................................................................. 6

Fla. Deceptive and Unfair Trade Prac. Act, F.S. §§ 501.201 et seq ................................ 6


Rules

Fed. R. Civ. P. 12(b)(6)..................................................................................................... 10

Fed. R. Civ. P. 42 ..................................................................................................... passim

N.D. Cal. L.R. 3-12 ................................................................................................. 3, 4, 10

1  **I.      INTRODUCTION**

2          Plaintiffs have filed three "mirror image" cases, to use YouTube's description,[1]

3  challenging YouTube's, Twitter's, and Facebook's banning of then-seated President Donald J.

4  Trump, as well as other speakers supporting the President, from their social media platforms.  Far

5  from being cookie-cutter copies of recent litigation against social media defendants, these cases

6  present weighty and unique First Amendment issues on behalf of former President Trump and

7  putative classes of similarly situated persons.  Query whether the heavy hand of government can

8  coerce or combine with private entities to impose a prior restraint on specified classes of

9  disfavored speech, even speech by a seated President on what has been held to be a public forum

10  platform.  *See Knight First Amendment Inst. et al v. Trump, et al.*, 928 F.3d 226, 237 (2d Cir.

11  2019), *vacated as moot*, 141 S. Ct. 1220 (2021) (holding President Trump's Twitter account to be

12  a public forum).  To borrow from the Second Circuit's stirring conclusion in *Knight*, "if the First

13  Amendment means anything, it means that the best response to disfavored speech on matters of

14  public concern is more speech, not less." *Id*. at 240.

15          The YouTube and Facebook cases have been assigned to this Court while the case against

16  Twitter is pending before District Judge James Donato.  Plaintiffs have filed preliminary

17  injunction motions in all three cases.  Defendants YouTube and Twitter recently have filed, and

18  Facebook shortly will file, motions to dismiss the complaints.  Resolving these motions, with

19  briefing and exhibits running into many hundreds of pages, will require an extensive commitment

20  of judicial time and attention.  Plaintiffs ask this Court to consolidate these cases so that the

21  motions can be decided and the cases litigated as efficiently as possible, and without the risk of

22  reaching inconsistent results on these issues of vital public concern.

23

24

25

26

27

28  _____
[1] *YouTube,* Dkt. 53; Armenta Decl. Exh. H.

## II.   ARGUMENT

### A.   This Court May Order Consolidation Regardless of Whether the Cases Have Been Related.

#### 1.   The Ninth Circuit Has Definitively Rejected Defendants' Argument That Only Related Cases May Be Consolidated.

YouTube and Twitter argue that, because this Court previously denied Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related, the cases may not be consolidated under Rule 42(a).  Regardless of what any other district court may have said on the topic, the only binding authority comes from the Ninth Circuit, which has considered, and rejected, precisely that argument.  In *Investors Research Co. v. U.S. Dist. Court*, 877 F.2d 777 (9th Cir. 1989), one of the Ninth Circuit's most frequently cited consolidation decisions, plaintiffs in two cases assigned to different judges filed a notice of related cases.  The district court judge assigned to the first case declined to relate the cases, whereupon the defendants moved to consolidate them.  As the Ninth Circuit described what transpired, "[t]he district court judge denied the motion, stating in the order that 'a related case transfer has been denied, and ... consolidation is not possible when actions are pending before different judges.'"  *Id*.  Defendants brought a petition for writ of mandamus in the Ninth Circuit to compel the district court to hear and decide the consolidation motion on its merits.  The Court of Appeals agreed with defendants and required the district court to answer the mandamus petition:

> Federal Rule of Civil Procedure 42(a) states: "When actions involving a common question of law or fact are pending before the court, it ... may order all the actions consolidated...." *The district court has broad discretion under this rule to consolidate cases pending in the same district.  Here, the district court has never exercised its discretion on the motion to consolidate.*  Within 30 days of the date of this order, the district court shall file an answer to the petition for writ of mandamus.

*Investors Research Co. v. U.S. Dist. Court*, 877 F.2d 777 (9th Cir. 1989) (citations omitted).  The Ninth Circuit thus has disposed of YouTube's and Twitter's arguments.  This Court not only may, but must, consider the consolidation motion without regard to its prior denial of the related case motion.

### 2.    District Courts Cannot Implicitly Limit or Modify the Rule 42(a) Consolidation Standard Based on a Local Rule.

Rule 42(a) and Local Rule 3-12 impose substantively different requirements.  Rule 42(a) requires only that, to be consolidated, the cases must share "*a common question of law or fact*." *Id*.  (emphasis added).  Local Rule 3-12(a)(1) imposes a qualitatively different and arguably more rigorous test, requiring that related "actions concern *substantially the same parties, property, transaction, or event*," factors that are nowhere mentioned in Rule 42(a).  *Id*.  (emphasis added).  Accepting Defendants' premise—"no consolidation without relation"—would mean that the Local Rule would have altered and narrowed the substantive requirements of Rule 42(a).  That is not a permissible result.

The Federal Rules of Civil Procedure are promulgated under the authority of the Rules Enabling Act, 28 U.S.C. § 2071 et seq., and "have the force of federal statute."  *Sibbach v. Wilson & Co.*, 312 U.S. 1, 13 (1941).  As the Supreme Court has instructed, a local rule must be consistent with the Federal Rules of Civil Procedure, not the other way around:

> We begin our analysis by recognizing that a district court has discretion to adopt local rules that are necessary to carry out the conduct of its business. . . .  A district court's discretion in promulgating local rules is not, however, without limits. . . .  Section 2071 requires that local rules of a district court "shall be consistent with" the "rules of practice and procedure prescribed by the Supreme Court."

*Frazier v. Heebe*, 482 U.S. 641, 645-46 (1987).

In other words, while the Rules Enabling Act authorizes the district courts to prescribe local rules governing the conduct of their proceedings, the Act also "tells district courts that *they cannot use local rules to contradict the Supreme Court's [Federal Rules of Civil Procedure]*.").  *National Association for the Advancement of Multijurisdiction Practice v. Lynch*, 826 F.3d 191, 197 (4th Cir. 2016) (emphasis added).  *See also Comcast Cable Communications, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 275 (N.D. Calif. 2017) (district court local rules "cannot supersede the Federal Rules of Civil Procedure.").  When a Federal Rule of Civil Procedure covers the issue in dispute, it governs, even if it is in conflict with a district court local rule.  *See First Nat. Bank, Henrietta v. Small Bus. Admin.*, 429 F.2d 280, 284 (5th Cir.1970) ("Court procedure may be regulated by local rule when not provided for in the federal rules and then only 'in (a) manner not

1   inconsistent with these rules.'"); *Ingram v. AAA Cooper Transportation, Inc.*, 2016 WL 5402749,

2   at *2 (S.D. Ga. Sept. 26, 2016) ("[A] local rule cannot supplant a Federal Rule of Civil

3   Procedure."; "To do otherwise would establish a precedent that the Federal Rules of Civil

4   Procedure are 'more what you'd call "guidelines" rather than actual rules.' <u>Pirates of the</u>

5   <u>Caribbean: The Curse of the Black Pearl</u> (Buena Vista Pictures 2003)."); *Thaw v. Lynch*, 2016

6   WL 1045527, at *2 (D. Ariz. Mar. 16, 2016) ("Federal courts have inherent and broad regulatory

7   authority to make [local] rules …. This authority is limited to procedural rules: no rule may

8   'abridge, enlarge or modify any substantive right.'"); West *v. New Mexico Taxation and Revenue*

9   *Dept.*, 2011 WL 5223010, at *3-*4 (D. N. Mex. Sept. 30, 2011) ("Even if [plaintiff] were correct,

10  and the [FRCP and local] rules are in conflict, [plaintiff's] argument is unavailing. … The local

11  rules do not take precedence over the federal rules …. A local rule's … restriction cannot

12  supercede [sic] the federal rule.").

13          Rule 42(a) has the force of federal law. It stands on its own, without reference to the

14  requirements of any district court local rule, including Local Rule 3-12. There is literally no basis

15  for reading a "related case" limitation into the plain and unambiguous language of this federal

16  rule.

17          **3.    District Courts in This Circuit Have Decided Consolidation Motions
                    for Unrelated Cases.**

18          Many Ninth Circuit district courts have followed precedent and decided consolidation

19  motions for cases that were pending before different judges of the same district. Chief Judge

20  Seeborg got it exactly right when he held,

21          *[D]enial of a motion to relate under Rule 3-12 does not automatically preclude
            consolidation under Fed. R. Civ. P. 42.* Indeed, the Court is obligated to exercise
22          its discretion in considering the merits of a consolidation motion under Rule 42
            even where a prior motion to relate under the local rules has been denied.
23

24  *Jackson v. City and County of San Francisco*, 2010 WL 11582918, at * 1 (N.D. Calif. Dec. 16,

25  2010) (emphasis added). Based on the totality of the circumstances before him, Judge Seeborg

26

27

28

1  ultimately determined that consolidation of those particular cases was not appropriate.  But, his

2  eventual conclusion makes no difference to this analysis.[2]

3       Numerous other district courts in this Circuit, faced with different facts than were present

4  in *Jackson*, have ordered cases that were pending before different judges to be consolidated.  *See,*

5  *e.g., Caron v. Caesars Entertainment Corp.*, 2020 WL 1323105, at *2 (D. Ariz. Mar. 20, 2020)

6  (consolidating cases pending before different judges); *Prestige v. United States*, 2014 WL

7  11332313, at *2 (D. Ariz. Mar. 10, 2014) (sua sponte consolidating cases pending before different

8  judges); *Industry Access Inc. v. CoreLogic, Inc.*, 2013 WL 12147599, at *1-*2 (C.D. Calif. Oct.

9  30, 2013) (consolidating cases pending before two different judges); *U.S. Bank Nat. Ass'n v.*

10  *Ribeiro*, 2012 WL 40459, at *3-*4 (D. Nev. Jan. 9, 2012) (consolidating seven cases pending

11  before four different judges); *Sparrow v. Teknovation Corp.*, 2005 WL 8161891, at *7, *10 (D.

12  Nev. Nov. 1, 2005) (granting motion to consolidate six cases, all assigned to different judges).[3]

13      **B.**    **Here, Common Questions of Both Fact and Law Justify Consolidation.**

14       Defendants oppose consolidation by pointing to some of the *factual* differences between

15  the cases, such as the different parties and online services involved.  YT Opp. at 3-5; TW Opp. at

16  7-8; FB Opp. at 3-4.  Importantly, none of the Defendants disputes that the *legal* issues in these

17  cases are virtually identical.  Numerous common factual issues exist as well.  Consolidation

18  requires only that the cases present a common question of law *or* fact.  The cases do not need to

19  have both legal *and* factual issues in common, nor do the claims need to be perfectly identical.

20   

21  [2] *See also Columbia Helicopters, Inc. v. Carson Helicopters, Inc.*, 2011 WL 13388893, at *1 (D. Ore. Apr. 5, 2011) ("The district court has broad discretion to consolidate pending cases assigned to different judges in the same district."); *Kruse Technology Partnership v. Daimler AG*, 2010 WL 11468434, at *2 (C.D. Calif. Sept. 29, 2010) (rejecting the same argument Defendants make here and holding that "a Rule 42(a) motion can be brought to consolidate cases pending before different judges," citing *Investors Research Co.*); *Nelson v. Paulson*, 2008 WL 11347440, at *1 (W.D. Wash. Sept. 25, 2008) ("The decision to consolidate cases lies within the broad discretion of the district court.  Such discretion may be exercised even when the cases sought to be consolidated are pending before different judges in the same district.") (citations omitted).

26  [3] This clear precedent notwithstanding, a number of district courts have effectively modified Rule 42 by requiring that cases must have been related before a consolidation motion may be brought. Plaintiffs are unable to explain this discrepancy between the law and judicial practice; possibly such decisions were motivated by notions of comity toward fellow district judges or deference to the clerk's random assignment protocol.

1  *See Mullen v. Wells Fargo & Co.*, 2021 WL 965344, at *2 (N.D. Calif. Mar. 15, 2021) ("The
2  complaints do not need to be identical for purposes of consolidation."); *Alliance Atlantis*
3  *Releasing Ltd. v. Bob Yari Productions*, 2009 WL 10673738, at *2 (C.D. Calif. Dec. 3, 2009)
4  ("Rule 42 does not demand that actions be identical before they may be consolidated.");
5  *Philadelphia Indem. Ins. Co. v. Douglas E. Barnhart, Inc.*, 2007 WL 2873683, at *2 (S.D. Calif.
6  Sept. 27, 2007) (same).  Furthermore, Rule 42 makes no mention of the identities of parties as a
7  factor to be considered.

8      Defendants have identified no legal issues unique to their cases, because there are none.
9  The legal questions presented by all three cases are indistinguishable.  The court or courts hearing
10  these cases will have to decide: (i) whether Defendants' conduct constitutes state action by virtue
11  of government compulsion or Defendants' joint action with government officials; (ii) the effect of
12  the immunity afforded Defendants by Section 230(c) of the Communications Decency Act on the
13  state action analysis; (iii) whether Section 230(c) is unconstitutional when applied to shield
14  censorship by combined governmental-private action from liability; (iv) whether then-seated
15  President Trump's social media accounts were "public forums"; (v) whether choice of law
16  principles allow Plaintiffs' claims under the Florida Deceptive and Unfair Trade Practices Act to
17  proceed; and (vi) whether the "governmental exemption" from provisions such as choice of law
18  in the Defendants' various Terms of Service, which applies to government officials acting in their
19  official capacity, affects the choice of law analysis with respect to former President Trump.

20      Numerous common factual issues exist as well, centering on the means by which
21  members of Congress and the current Executive Branch coerced and cooperated with Defendants
22  to censor disfavored speech on pain of catastrophic legal and/or regulatory consequences.
23  Plaintiffs' pending motions for preliminary injunctions include 147 exhibits evidencing these
24  facts.  Legislators publicly threatened to take punitive measures against Defendants if they
25  continued to provide platforms for the expression of conservative views and content.  Members of
26  Congress speaking at public hearings warned Defendants of increased regulation, antitrust
27  scrutiny, and revocation of Defendants' Section 230 immunity if Defendants failed to comply
28  with the legislators' agendas.  *YouTube* First Am. Cmplt. ¶ 71; *Twitter* First Am. Cmplt. ¶ 58;

*Facebook* First Am. Cmplt. ¶ 74.   Government officials specifically made it very clear that Defendants were expected to ban then-sitting President Trump from their platforms.  *YouTube* First Am. Cmplt. ¶¶ 63-77; *Twitter* First Am. Cmplt. ¶¶ 51-64; *Facebook*, First Am. Cmplt. ¶¶ 67-80.  The outcome of Plaintiffs' claims will be driven in the first instance by the Court's findings on these and other common factual questions going to the existence of state action, not by individualized facts such as, e.g., the content of Defendants' terms of service.

### C.   Consolidating the Cases Will Conserve Judicial Resources and Prevent the Risk of Inconsistent Rulings on Dispositive Issues.

In determining whether or not to consolidate cases, the Court should "weigh the interest of judicial convenience against the potential for delay, confusion and prejudice."  *Zhu v. UCBH Holdings, Inc*. 682 F. Supp. 2d 1049, 1052 (N.D. Calif. 2010); *see also Navarette v. Hill's Pet Nutrition, Inc.*, 2019 WL 1932388, at *1 (N.D. Calif. May 1, 2019) (same, citing *Zhu*); *Lopes v. Fitbit, Inc.*, 2019 WL 1865926, at *1 (N.D. Calif. Apr. 25, 2019) (same, citing *Zhu*).  These factors weigh overwhelmingly in favor of consolidation here.

### 1.   Given the Posture of the Cases, Consolidation Is Important to Further Judicial Convenience and Avoid Conflicting Results.

Plaintiffs have filed motions for preliminary injunctions in all three cases, and YouTube and Twitter have brought virtually identical motions to dismiss the complaints.  A schedule has now been set for Facebook's motion to dismiss, which will be filed on January 14.  Dkt. 147.  The schedules for briefing and hearing the motions are closely aligned:

| Event | YouTube | Twitter | Facebook |
|---|---|---|---|
| Defendants' Motion to Dismiss | Dec. 2, 2021 | Dec. 9, 2021 | Jan. 14, 2022 |
| Defendants' Opposition to Motion for Preliminary Injunction | Dec. 2, 2021 | Dec. 9, 2021 | Jan. 14, 2022 |
| Plaintiffs' Reply re Motion for Preliminary Injunction | Jan. 12, 2021 | Jan. 10, 2022 | Feb. 7, 2022 |
| Plaintiffs' Opposition to Motion to Dismiss | Jan. 12, 2022 | Jan. 10, 2022 | Feb. 7, 2022 |
| Defendants' Reply re Motion to Dismiss | Feb. 4, 2022 | Jan. 24, 2022 | Feb. 28, 2022 |
| Hearing Date | TBD | Feb. 24, 2022 | TBD |

1    These motions present not only *some* common legal questions, but *only* common legal

2    questions.  Given the complexity of the issues and the extensive briefing and evidentiary material

3    submitted in connection with these motions, considerable judicial resources will be required to

4    resolve them.  The YouTube and Facebook cases are already before this Court.  Without

5    consolidation, another court will be required to duplicate all of the effort required to review the

6    pleadings and evidence, research the law, and decide the motions.  It is beyond dispute that

7    bringing the Twitter case before this Court and consolidating the cases would conserve judicial

8    resources and allow for more efficient decision-making.  *See Brenneise v. San Diego Unified*

9    *School District*, 2008 WL 11337379, at *4-*5 (S.D. Ca. June 24, 2008) (granting motion to

10   consolidate before deciding motion to dismiss).  Twitter's argument that it is "too late" to

11   consider consolidation because some of the briefs on these motions have already been filed, TW

12   Opp. at 8, is nonsensical.  Judicial efficiency results from having one court consider and decide

13   the motions.  No judicial inefficiency results from the parties having filed separate briefs.

14   Unless the cases are consolidated, two judges shortly will be hearing and deciding

15   virtually identical and potentially dispositive motions, creating a risk that two courts will decide

16   the same issues differently.  Consistency of outcomes is particularly important here.  These cases

17   are unique in that they involve claims brought by former President Trump challenging the prior

18   restraint of his social media communications with the public during his term in office, and

19   continuing to the present.  None of the other social media cases YouTube lists in its brief, YT

20   Opp. at 6, involved legal questions of such consequence.  Nor were the legal claims in those other

21   cases literally indistinguishable from one another, as is true here.  To the contrary, these cases

22   alleged a hodge-podge of different legal theories based on different underlying conduct,

23   minimizing any risk of inconsistent rulings.  *Compare, e.g., Children's Health Def. v. Facebook*

24   *Inc.*, 2021 WL 2662064 (N.D. Calif. June 29, 2021) (pleading First Amendment, Fifth

25   Amendment takings, Lanham Act, and RICO claims based on letter from Congressman urging

26   Facebook to censor vaccine information) *with Daniels v. Alphabet Inc.*, 2021 WL 1222166 (N.D.

27   Calif. Mar. 31, 2021) (alleging Section 1983, breach of contract, conversion, unjust enrichment,

28   fraud, and unfair competition claims based on Google and YouTube's removal of plaintiff's video

1
2
3
4

from platform) *and Newman v. Google LLC*, 2021 WL 2633423 (N.D. Calif. June 25, 2021) (pleading claims for equitable conversion, replevin, equitable accounting, breach of contract, promissory estoppel, unfair competition, and violation of Unruh Civil Rights Act and Lanham Act based on defendant's alleged racial profiling and demonetizing of plaintiff's videos).

5

### 2. Defendants Do Not Identify Any Prejudice That Would Flow from Consolidation.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Defendants do not identify *any* prejudice to them that would be caused by having the pending motions decided on a consolidated basis. Twitter argues in conclusory fashion that consolidation would cause delay, but does not explain how or why that would occur. TW Opp. at 9-10. Twitter's assertion that the cases are not in parallel procedural postures is similarly unfounded and unpersuasive. *Id*. at 12. The procedural postures of all 3 cases will be identical as of January 14, 2021, when Facebook files its Motion to Dismiss and Opposition to Motion for Preliminary Injunction—three motions to dismiss and three motions for preliminary injunction being briefed within weeks, or even days, of one another. This is not a situation where consolidation could be denied because one case is well into or has concluded the discovery phase while another has not proceeded past the pleadings. *See, e.g., Firefighters, Local 1908 v. County of Clark*, 2012 WL 1986590, at *3 (D. Nev. June 1, 2012) (denying consolidation where motion to dismiss not yet heard in one case and summary judgment about to be filed in second case). It is specious to argue that a few days' or weeks' difference in the parties' briefing schedules constitutes such a "different procedural posture," TW Opp. at 10, that consolidation should not be granted. Indeed, courts have ordered consolidation of cases with far different procedural postures than these three matters because of the efficiencies to be gained by hearing the cases together. *See, e.g., Cornell v. Soundgarden*, 2021 WL 1663924, at *3-*4 (W.D. Wash. Apr. 26, 2021) (granting motion to consolidate two cases filed 15 months apart with different legal claims; parties in first case had completed extensive discovery and discovery had not commenced in second case); *Liberty Mutual Insurance Group v. Panelized Structures, Inc.*, 2012 WL 13048972, at *2-*3 (D. Nev. June 22, 2012) (ordering consolidation of two cases involving different legal claims where discovery in one case had ended while discovery in second case had not yet

28

1    commenced); *Garcia v. Gordon Trucking, Inc.*, 2011 WL 2746305, at *7-*8 (E.D. Calif. July 14,

2    2011) (consolidating two cases filed nine months apart; first case had completed extensive

3    discovery, including production of tens of thousands of pages of documents, and class

4    certification briefing, while initial scheduling conference not yet held in second case).

5    **D.    The Extent to Which Discovery and Subsequent Motions Should Be Consolidated Can Be Decided After Rulings on the Initial Motions.**

6            District courts enjoy substantial discretion in deciding how to manage consolidated cases,

7    including deciding the extent to which specific activities, such as motion practice or discovery,

8    should be consolidated.  *Hall v. Hall*, ___U.S. ___, 138 S. Ct. 1118, 1131 (2018).   At this point,

9    strong reasons exist to consolidate these cases before the pending motions are decided.  The

10   question of how to most effectively manage the consolidated cases going forward need not be

11   decided today.  For example, much depends on the outcome of the pending motions.  As

12   demonstrated by the evidence of record, and as will be explained further in Plaintiffs' briefing,

13   Plaintiffs have alleged more than sufficient facts to support their claims.  Nevertheless, if the

14   cases were to be dismissed, the question of how to manage discovery would become a non-issue.

15   If the cases go forward, separate treatment of some subsequent phases might be more appropriate,

16   and the Court retains flexibility to make those decisions when the time comes.  A decision at this

17   point about, e.g., how to manage discovery would be premature.  The most sensible and efficient

18   procedure would be for the parties to submit case management proposals and for the Court to

19   consider them after the Rule 12(b)(6) motions have been decided.

20   **E.    Plaintiffs' Statements About Factual Similarities in the Context of Arguing the Florida Related Case Motion Do Not Affect the Rule 42 Determination.**

21

22           During the time the cases were pending in Florida, the parties briefed the applicability of

23   the Florida court's related case rule, which differs significantly from Local Rule 3-12.  Both sides

24   made strategic choices about how to approach the related case issue, and both sides focused on

25   the *factual* similarities and dissimilarities between the cases.  Thus, Plaintiffs advised the Florida

26   court that the cases involve "distinct factual inquiries."  YT Opp. at 4; TW Opp. at 2.  YouTube,

27   for its part, told the Florida court that the cases were "mirror-image actions" and that the factual

28

allegations in all three cases were "substantially similar." Twitter and Facebook went further,

characterizing the cases as "nearly identical."  *See* Plaintiff's Opening Br. at 6-7.

This motion may be only decided by reference to the Rule 42 standards, including that the

cases present "common question[s] of law or fact."  Nothing Plaintiffs said in Florida is

inconsistent with the argument made here.  The legal questions in these three cases are

substantially identical.  Plaintiffs never represented otherwise in Florida, and Defendants have not

disputed that to be true.  Many common factual questions are presented.  Plaintiffs have never

asserted that the factual issues are entirely different, nor do they now assert that the factual issues

are identical.  In any event, identity of the factual issues is not a prerequisite for granting

consolidation.  Ample grounds exist to grant Plaintiffs' motion.

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully submit that the motion to

consolidate should be granted.

Dated: December 21, 2021          Respectfully submitted,

ANDREI POPOVICI (234820)
MARIE FIALA (79676)
LAW OFFICE OF ANDREI D. POPOVICI, P.C.


By:       */s/ Marie L. Fiala*
          Marie L. Fiala


JOHN P. COALE *(pro hac vice)*
2901 Fessenden Street NW
Washington, DC 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY *(pro hac vice)*
MICHAEL J. JONES *(pro hac vice)*
RYAN TOUGIAS *(pro hac vice)*
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Email: jqkelly@ibolaw.com
Email: mjones@ibolaw.com

1
2
3
4

FRANK C. DUDENHEFER, JR. *(pro hac vice)*
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com

5
6
7
8
9
10

M. CRIS ARMENTA (177403)
CREDENCE ELIZABETH SOL (219784)
ARMENTA & SOL, PC
11440 West Bernardo Court, Suite 300
San Diego, CA 92127
Tel.: 858-753-1724
Fax: 310-695-2560
Email: cris@crisarmenta.com
Email: credence@crisarmenta.com

11
12
13
14
15
16

RICHARD POLK LAWSON *(pro hac vice)*
GARDNER BREWER MARTINEZ
MONFORT
400 North Ashley Drive
Suite 1100
Tampa, FL 33602
Telephone: (813) 221-9600
Facsimile: (813) 221-9611
Email: rlawson@gbmmlaw.com

17

*Attorneys for Plaintiffs*

18
19
20
21
22
23
24
25
26
27
28