UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. TRUMP, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>YOUTUBE LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-08009-JSW<br><br>**ORDER DENYING MOTION TO CONSOLIDATE**<br><br>Re: Dkt. No. 125 |

Now before the Court is Plaintiffs' motion for consolidation pursuant to Rule 42 of the Federal Rule of Civil Procedure of the following cases: (1) *Trump, et al. v. YouTube, LLC, et al.*, Civ. No. 21-cv-08009-JSW ("*YouTube*"); (2) *Trump, et al. v. Twitter Inc., et al.*, Civ. No. 21-08378-JD ("*Twitter*"); and (3) *Trump, et al. v. Meta Platforms, Inc., et al.*, Civ. No. 21-09044-JSW ("*Facebook*"). All three cases were separately transferred from the Southern District of Florida and randomly assigned to district court judges.

This Court has already determined that the three separate cases are not related. In alternate proceedings, the parties have each indicated that they think the cases are not related. The Court's relatedness ruling, however, does not preclude a finding under Federal Rule of Civil Procedure 42. Pursuant to Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." In exercising its discretion, the court must balance "the

interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation. *Paxonet Communications Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (citation omitted). "The party seeking consolidation bears the burden of demonstrating that convenience and judicial economy would result from consolidation." *Miller v. Ventro Corp.*, 2001 WL 34497752, at *3 (N.D. Cal. Nov. 28, 2001).

The Court finds that Plaintiffs' request for consolidation of these cases is premature. It would be more efficient and conserve judicial resources to resolve the pending motions to dismiss (and preliminary injunction motions) to see what remains of the cases. *See, e.g.*, Wright & Miller, Consolidation – Discretion of Court, 9A Fed. Prac. & Proc. Civ. 2383 (3d ed.) ("[C]ourts have concluded that consolidation is premature when motions to dismiss are pending.") (collecting cases); *see also Osman v. Weyker*, 2016 WEL 10402791, at *3 (D. Minn. Nov. 21, 2016) (holding that consolidation is premature in light of the fact that defendants planned to move to dismiss); *see Thompson v. City of St. Peters*, 2016 WL 1625373, at *2 (E.D. Mo. Apr. 21, 2016) (stating that judicial efficiency is best served by deciding pending motions for judgment on the pleadings and summary judgment before any consolidation) (citing *Sprint Communications, L.P. v. Cox Communications, Inc.*, 2012 WL 1825222, at *1 (D. Kansas May 18, 2012) (finding motion to consolidate premature in light of pending motions to dismiss); *Evans v. International Paper Co.*, 2011 WL 2559791, at *6 (W.D. La. June 28, 2011) (same); *Vickers v. Green Tree Serv., LLC*, 2015 WL 7776880, at *2 (D. Kansas Dec. 2, 2015) (noting that consolidation would be premature and judicial efficiency would not be served by case consolidation when motions to dismiss were pending).

At this point in the proceedings, the Court finds it would be premature to consolidate these unrelated matters. *See Anselmo v. County of Shasta, Cal*., 2012 WL 13046421, at *1 (E.D. Cal. Aug. 6, 2012) (denying motion to consolidate as premature and holding that "[a]t this point in the proceedings, it is too early for the court to determine whether consolidation would serve the interests of convenience and judicial economy. It would therefore be premature for the court to consolidate the actions. If at a later date when issues are more developed any party believes it would be efficient to consolidate the proceedings, they may bring another motion to consolidate.")

2

Accordingly, the Court DENIES Plaintiffs' motion for consolidation without prejudice to renewal.

**IT IS SO ORDERED.**

Dated: January 11, 2022

JEFFREY S. WHITE
United States District Judge

3