| | |
|---|---|
| DAVID H. KRAMER, SBN 168452 | BRIAN M. WILLEN (*admitted pro hac*) |
| MENG JIA YANG, SBN 311859 | BENJAMIN D. MARGO (*admitted pro hac*) |
| WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI |
| Professional Corporation | Professional Corporation |
| 650 Page Mill Road | 1301 Avenue of the Americas, 40th Floor |
| Palo Alto, CA 94304-1050 | New York, NY 10019-6022 |
| Telephone: (650) 493-9300 | Telephone: (212) 999-5800 |
| Facsimile: (650) 565-5100 | Facsimile: (212) 999-5801 |
| Email: dkramer@wsgr.com | Email: bwillen@wsgr.com |
| Email: mjyang@wsgr.com | Email: bmargo@wsgr.com |
| | |
| LAUREN GALLO WHITE, SBN 309075 | STEFFEN N. JOHNSON (*admitted pro hac*) |
| AMIT Q. GRESSEL, SBN 307663 | WILSON SONSINI GOODRICH & ROSATI |
| WILSON SONSINI GOODRICH & ROSATI | Professional Corporation |
| Professional Corporation | 1700 K Street NW, Fifth Floor |
| One Market Plaza | Washington, DC 20006-3817 |
| Spear Tower, Suite 3300 | Telephone: (202) 973-8800 |
| San Francisco, CA 94105-1126 | Facsimile: (202) 973-8899 |
| Telephone: (415) 947-2000 | Email: sjohnson@wsgr.com |
| Facsimile: (415) 947-2099 | |
| Email: lwhite@wsgr.com | Attorneys for Defendants |
| Email: agressel@wsgr.com | YOUTUBE, LLC and SUNDAR PICHAI |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD J. TRUMP, KELLY VICTORY, AUSTEN FLETCHER, AMERICAN CONSERVATIVE UNION, ANDREW BAGGIANI, MARYSE VERONICA JEAN-LOUIS, NAOMI WOLF, and FRANK VALENTINE,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and SUNDAR PICHAI,<br><br>Defendants. | CASE NO.: 4:21-cv-08009-JSW<br><br>**OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSE IN OPPOSITION TO THE MOTION AND MEMORANDUM OF LAW BY INTERVENOR UNITED STATES OF AMERICA IN SUPPORT OF THE CONSTITUTIONALITY OF 47 U.S.C. § 230(C)**<br><br>Hon. Jeffrey S. White |

Defendants YouTube, LLC and Sundar Pichai ("Defendants") respectfully oppose Plaintiffs' administrative motion seeking leave to file a response to the intervention brief filed by the United States in support of the constitutionality of 47 U.S.C. § 230. Dkt. 144.

Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss are now fully briefed. Briefing was completed on February 11, 2022, when Defendants filed their reply brief. Hours later, however, Plaintiffs moved for leave to respond to a brief the United States had filed over two months earlier, on December 9, 2021. Plaintiffs do not explain why they waited so long to make this request, or why they ignored multiple opportunities to respond to the government's submission during the regular briefing process. Plaintiffs also failed to consult Defendants or seek the stipulation required for an administrative motion by this District's Local Rules. In light of Plaintiffs' procedural gamesmanship, their motion should be denied. If the Court grants the motion, Defendants respectfully request an opportunity to submit a short response to Plaintiffs' brief.

## ARGUMENT

Plaintiffs' administrative motion is improper for at least two reasons. *First*, Plaintiffs neither sought Defendants' consent to their motion nor accompanied it with the stipulation required by the Local Rules. *See* Civil L.R. 7-11(a) ("A motion for an order concerning a miscellaneous administrative matter … must be accompanied by … either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained."); Civil L.R. 7-12 (requiring approval of stipulations from "all affected parties or their counsel"). While Plaintiffs contacted the government for its position on their request, they conspicuously failed to do the same with Defendants. Plaintiffs offered no excuse or justification for cutting Defendants out of the process, and their approach is not permitted by this Court's rules.

*Second*, Plaintiffs should not be rewarded for their self-serving delay in seeking to respond to the United States' intervention brief. On December 2, 2021, the government filed its notice of intervention (Dkt. 128), and its brief was filed on December 9, 2021 (Dkt. 132). At that time, Plaintiffs did not seek leave to respond to the government. More than a month later, on January 17, 2022, Plaintiffs filed a combined 35-page opposition to Defendants' motion to dismiss and reply in support of Plaintiffs' preliminary injunction motion. Dkt. 141. Anything they wanted to say about

or in response to the United States' position on Section 230, Plaintiffs could have said then. But Plaintiffs again ignored the government's submission. Only now, more than two months after the government filed its brief, nearly a full month after Plaintiffs filed their brief, and hours after Defendants filed their reply, have Plaintiffs requested leave to respond to the United States. Plaintiffs offer no explanation for the timing of their request, much less their failure to consult with Defendants before making it. Only one explanation makes sense: by waiting until now, Plaintiffs seek to deprive Defendants of an opportunity to address the new arguments advanced in Plaintiffs' proposed brief. That is improper: Plaintiffs had ample opportunity to respond to the government, and they should not be allowed to flout the Local Rules in an unwarranted effort to have the last word.

## CONCLUSION

For these reasons, Plaintiffs' administrative motion should be denied. Should the Court grant Plaintiffs' motion, Defendants respectfully request an opportunity to submit a short response to Plaintiffs' submission, not to exceed five pages.

Dated: February 15, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Brian M. Willen*
    Brian M. Willen
    bwillen@wsgr.com

*Attorneys for Defendants*
YOUTUBE, LLC AND SUNDAR PICHAI