DAVID H. KRAMER, SBN 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com

LAUREN GALLO WHITE, SBN 309075
AMIT Q. GRESSEL, SBN 307663
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: agressel@wsgr.com

BRIAN M. WILLEN (*admitted pro hac*)
BENJAMIN D. MARGO (*admitted pro hac*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com
Email: bmargo@wsgr.com

STEFFEN N. JOHNSON (*admitted pro hac*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, DC 20006-3817
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: sjohnson@wsgr.com

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD J. TRUMP, KELLY VICTORY, AUSTEN FLETCHER, AMERICAN CONSERVATIVE UNION, ANDREW BAGGIANI, MARYSE VERONICA JEAN-LOUIS, NAOMI WOLF, and FRANK VALENTINE,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and SUNDAR PICHAI,<br><br>Defendants. | CASE NO.: 4:21-cv-08009-JSW<br><br>**DEFENDANTS' STATEMENT OF RECENT DECISION**<br><br>Hon. Jeffrey S. White |

Defendants YouTube, LLC and Sundar Pichai respectfully submit this Statement of Recent Decision to bring to this Court's attention the Ninth Circuit's recent decision in *Rutenburg v. Twitter, Inc.*, No. 21-16074 (Dkt. 32-1) (9th Cir. May 18, 2022) (unpublished). After taking the case under submission without argument, the panel affirmed the dismissal with prejudice of a claim alleging that Twitter violated the First Amendment by suspending former President Trump's Twitter account. The panel unanimously held that the plaintiff "did not allege sufficient facts to infer that [Twitter] engaged in state action when the company moderated or suspended the former President's Twitter account." This highly relevant ruling, filed after briefing was completed on Defendants' motion to dismiss the operative complaint in this case, is appropriate for consideration by the Court. *See* Civil L.R. 7-3(d)(2). A true and correct copy is attached.

Respectfully submitted,

Dated: May 19, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Brian M. Willen*
    Brian M. Willen
    bwillen@wsgr.com

*Attorneys for Defendants*
YOUTUBE, LLC AND SUNDAR PICHAI

# Exhibit A

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA RUTENBURG, | No. 21-16074 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-00548-YGR |
| v. | |
| TWITTER, INC., | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| JACK DORSEY, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted February 15, 2022**
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

Rutenberg appeals the district court's dismissal of her claims without leave to amend. We have jurisdiction under 28 U.S.C § 1291 and we affirm. We review de novo the district court's dismissal for lack of subject-matter jurisdiction and its interpretation of federal law. *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 (9th Cir. 2019). Denial of leave to amend a complaint is reviewed for abuse of discretion, *Gerber v. Hickman*, 291 F.3d 617, 623 (9th Cir. 2002) (en banc), and we may affirm the district court's dismissal on any ground supported by the record, *see W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1157 (9th Cir. 2000). Although the district court dismissed this case for lack of subject-matter jurisdiction, we affirm on the ground that Rutenberg has failed to state a claim upon which relief can be granted.

The district court properly dismissed Rutenberg's First Amendment claim: She did not allege sufficient facts to infer that the defendants (collectively, "Twitter" or "the company") engaged in state action when the company moderated or suspended the former President's Twitter account. The First Amendment's Free Speech Clause "prohibits the government—not a private party—from abridging speech." *Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th Cir. 2020) (citations omitted). Dismissal was proper because the complaint lacked "a cognizable legal theory" or "sufficient well-pleaded, nonconclusory factual allegation[s]" to state a

2

plausible claim for relief. *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (internal quotation marks and citations omitted).

Rutenberg offers insufficient facts to infer the "close nexus" between Twitter's conduct on the one hand and the government on the other, which is required to find that Twitter's conduct constituted state action. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). To the contrary, Rutenberg acknowledges that Twitter exercised its own "discretion and authority" in moderating President Trump's account, and that Twitter acted as President Trump's "opponent" in doing so. Twitter was not a "willful participant" in any "joint activity" with the President, and its conduct was not state action. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). Rutenberg's contention that Twitter "abused" a delegation of authority when it moderated President Trump's account is of no moment. This "abuse of authority" doctrine "does not apply" where, as here, "the challenged action is undertaken by a private party rather than a state official." *Collins v. Womancare*, 878 F.2d 1145, 1152 (9th Cir. 1989) (emphasis omitted) (citing *Lugar*, 457 U.S. at 940). Indeed, it would be "ironic" to conclude that Twitter's imposition of sanctions against a public official—sanctions the official "steadfastly opposed"—is state action. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 199 (1988).

Similarly, President Trump did not delegate a "public function" to Twitter within the meaning of Supreme Court and circuit precedent. *Halleck*, 139 S. Ct. at 1929. The relevant function here—moderating speech on the Twitter platform—is not "an activity that only governmental entities have traditionally performed." *Id.* at 1930; *see also id.* ("[M]erely hosting speech by others is not a traditional, exclusive public function . . . ."); *Prager Univ.*, 951 F.3d at 998 (moderation of content on video-streaming platform was not a "public function").

The district court did not abuse its discretion in denying Rutenberg leave to amend because Rutenberg was given sufficient opportunity to press her position at the district court. When, as here, "a district court determines that further amendment would be futile," we will affirm the dismissal "if it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Mai v. United States*, 952 F.3d 1106, 1112 (9th Cir. 2020) (citation omitted).

4

Rutenberg presents no additional facts in her proposed amended complaints that alter the foregoing analysis, nor does she advance arguments on appeal demonstrating that her complaints are salvageable.[1]

**AFFIRMED.**

---

[1] Rutenberg argues for the first time on appeal that her First Amendment claims should be considered under 28 U.S.C. § 1343(a)(3) or under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Neither argument aids her cause. Section 1343(a)(3) is a jurisdictional statute, and bringing her claim under *Bivens* would be futile for largely the same reasons that her § 1983 claim is futile.

5