DAVID H. KRAMER, SBN 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com

LAUREN GALLO WHITE, SBN 309075
AMIT Q. GRESSEL, SBN 307663
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: agressel@wsgr.com

BRIAN M. WILLEN (*admitted pro hac vice*)
BENJAMIN D. MARGO (*admitted pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com
Email: bmargo@wsgr.com

STEFFEN N. JOHNSON (*admitted pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, DC 20006-3817
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email: sjohnson@wsgr.com

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD J. TRUMP, KELLY VICTORY, AUSTEN FLETCHER, AMERICAN CONSERVATIVE UNION, ANDREW BAGGIANI, MARYSE VERONICA JEAN-LOUIS, NAOMI WOLF, and FRANK VALENTINE,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and SUNDAR PICHAI,<br><br>Defendants. | CASE NO.: 4:21-cv-08009-JSW<br><br>**DEFENDANTS' RESPONSE TO THE COURT'S JULY 12, 2022 ORDER TO SHOW CAUSE**<br><br>Hon. Jeffrey S. White |

Defendants YouTube, LLC and Sundar Pichai ("Defendants" or "YouTube") submit this response to the Court's July 12, 2022 Order to Show Cause asking "why this Court in its discretion should not stay this matter pending final disposition of the appeal of the dismissal" of the *Trump v. Twitter* case, which is now pending in the Ninth Circuit. Order, ECF No. 156. YouTube does not oppose entry of a stay if this Court believes in its discretion that it would promote judicial economy. But there is no compelling reason to await a ruling from the Ninth Circuit in *Twitter* before granting YouTube's Motion to Dismiss and denying former President Trump's Motion for Preliminary Injunction.

Established law already resolves all of the issues raised in the parties' briefing on YouTube's motion to dismiss and former President Trump's motion for preliminary injunction. As explained in YouTube's briefs, an unbroken line of cases rejects Plaintiffs' theories of liability. Mot. to Dismiss and Opp'n to Plaintiffs' Mot. for Prelim. Inj. at 7-8; 13-15; 20-21; 31-32, ECF No. 129. That the dispositive issues in this case can be readily determined based on existing law was confirmed not only by Judge Donato's ruling in the *Twitter* case (*see Trump v. Twitter Inc.*, No. 3:21-8378-JD, ECF No. 165 (May 6, 2022)), but also by the Ninth Circuit's even more recent decision in *Rutenburg v. Twitter Inc.*, 2022 U.S. App. LEXIS 13471 (9th Cir. May 18, 2022). *Rutenburg* expressly rejected—without the need for a published opinion—a similar claim seeking to hold Twitter liable under the First Amendment for suspending former President Trump from its platform. *Id*. Likewise, the Eleventh Circuit recently affirmed that the relevant provisions of Florida's SSMCA that are the basis for Count IV of Plaintiffs' complaint, are likely unconstitutional. *NetChoice, LLC v. AG, Fla.*, 34 F.4th 1196, 1222-23, 1227-30 (11th Cir. May 23, 2022) ("it is substantially unlikely that the State will be able to show an interest sufficient to justify requiring private actors to apply their content-moderation policies—to speak— 'consistently'"). In short, there is no need for further appellate guidance to decide the motions now pending before the Court.

Awaiting an appellate decision in *Twitter* also would not necessarily promote judicial economy. That appeal is still in its very early stages: the opening brief has not yet been filed, and no oral argument date has been set. *See Trump v. Twitter, Inc.*, *appeal docketed*, No. 22-15961

1  (9th Cir. June 28, 2022). A decision from the Ninth Circuit may not come for some time. And, if
2  this Court enters a stay, the parties almost certainly will seek leave to brief the impact of the Ninth
3  Circuit's eventual decision on the pending motions here. That will require this Court to address
4  that additional authority, in addition to any other relevant authority that might issue before the
5  Ninth Circuit rules. Given that, it may be more straightforward to rule now on the parties' pending
6  motions—on the current record, based on the substantial precedent that already exists.

7        A stay may have been more appropriate if this case had been deemed "related" to the
8  *Twitter* case. But both this Court and the Southern District of Florida (where the cases were
9  originally filed) concluded otherwise, expressly deeming the cases *unrelated* under the relevant
10  local rules. ECF No. 123. This Court also denied Plaintiffs' motion to consolidate the *Twitter* case
11  with this one under Federal Rule of Civil Procedure 42. ECF No. 139. In rejecting consolidation
12  as "premature," the Court explained that it "would be more efficient and conserve judicial
13  resources to resolve the pending motions to dismiss (and preliminary injunction motions) to see
14  what remains of the cases." *Id*. These determinations seem to reflect the view that each case should
15  proceed on its own track (at least through the pleadings stage) and that judicial economy would
16  not suffer from this Court deciding the pending motions here separately from any rulings in the
17  *Twitter* case. *Id*.

18        That remains true, even though *Twitter* is now in the Ninth Circuit. As noted, briefing has
19  not yet started in that appeal. If this Court follows Judge Donato by dismissing this case (and the
20  pending *Meta* case), the Ninth Circuit may prefer, for the sake of efficiency, to coordinate briefing
21  and argument across all three cases, rather than deal with the appeals piecemeal—and potentially
22  years apart. But even if *Twitter* proceeds alone, the Court of Appeals may benefit, in considering
23  that case, from having this Court's views on the legal issues raised in the pending motions.

24        YouTube of course acknowledges the considerable overlap between this case and *Twitter*.
25  And YouTube recognizes that a Ninth Circuit's ruling in *Twitter* would be informative—if not
26  dispositive—of the issues now before this Court. Thus, while YouTube does not believe a stay is
27  necessary or desirable, YouTube does not oppose the entry of a stay if the Court believes that it
28  will advance "the orderly course of justice measured in terms of the simplifying or complicating

of issues, proof, and questions of law." *Dean v. LuLaRoe LLC*, 2017 U.S. Dist. LEXIS 223926, at *4 (N.D. Cal. July 18, 2017).

Dated: July 26, 2022

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  */s/ Brian M. Willen*
    Brian M. Willen
    bwillen@wsgr.com

*Attorneys for Defendants*
YOUTUBE, LLC AND SUNDAR PICHAI